## Ohio River Contract Company v. Gordon, Judge.

(Decided November 24, 1916.)

### Petition for Writ of Prohibition.

1. Prohibition—Dissolution of Order Granting.—The denial of a writ of prohibition upon the final hearing of the case necessarily operated as a dissolution of the temporary order of prohibition granted at the institution of the proceeding. The case could not be pending for one purpose after it had been dismissed for all purposes.

2. Appeal and Error—Effect of Appeal.—The effect of an appeal is to remove the case to the higher forum and to continue the proceedings there. A case cannot progress at the same time in the inferior and in the appellate tribunal.

3. Appeal and Error—Effect of Appeal.—When an appeal has been taken, the case is no longer pending in the lower court; its authority is terminated; and, no further steps can be taken there, except by way of amendment or correction of the record for the purpose of taking the corrected record before the appellate court, by certiorari or subpoena duces tecum, and thus enabling that court to correctly decide the case.

4. Appeal and Error—Supersedeas—Appeal to Supreme Court of United States.—Where the Chief Justice of the Court of Appeals entered an order directing that the writ of error should operate as a supersedeas, and the appellant failed to serve the writ of error by lodging a copy thereof for the adverse party in the clerk's office where the record remains, as required by section 1007 of the U. S. Revised Statutes (1901), the error, if any, can be taken advantage of only by motion or other proceeding in the Supreme Court of the United States, where the appeal is pending.

J. P. HOBSON & SON and RICHARDS & HARRIS for petitioner.

MATT O'DOHERTY and O'DOHERTY & YONTS for respondent.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Overruling motions.

This was an original proceeding in this court by the Ohio River Contract Company as petitioner, to prohibit Thomas R. Gordon, judge of the Jefferson circuit court, from proceeding with the trial of the case of John J. Haines v. Ohio River Contract Co., then pending in Judge Gordon's court.

Haines' suit was for damages for personal injuries received by him while working for the petitioner in the construction of a lock and dam in the Louisville & Portland canal, upon land which was the property of the United States; and the petitioner claimed the state court was without jurisdiction to try the case, for that reason.

Upon the filing of the petition for the writ of prohibition, this court entered an order on February 29th, 1916, whereby Judge Gordon was "temporarily restrained and prohibited from proceeding further" with Haines' action, "until the further orders of this court." This was the usual order entered in cases of this character for the

purpose of preserving the status until the application for the writ could be heard upon its merits.

On May 26th, 1916, pursuant to an opinion then filed, and reported in 170 Ky. 412, the petition for the writ of prohibition was overruled and the writ was denied, at the cost of the petitioner. No formal order was entered, however, dismissing the temporary restraining order of February 29th, 1916, above referred to.

On June 27th, 1916, the petitioner, the Ohio River Contract Company, presented to the Honorable W. E. Settle, acting Chief Justice of this court, its petition for a writ of error from the United States Supreme Court to the Court of Appeals of Kentucky, together with its bond conditioned according to law, praying that the writ of error be allowed; that the citation be signed and granted; that the bond be approved; and, that "such bond may operate as a stay of the proceedings in said Jefferson circuit court."

Thereupon, the acting Chief Justice made the following endorsement upon the petition:

"The writ of error as prayed for in the foregoing petition is hereby allowed this 27th of June, 1916, the writ of error to operate as a supersedeas; and, the bond for costs is fixed in the sum of five hundred ($500.00) dollars; and the same being tendered herewith, is approved.

"Dated at Frankfort, Ky., this 27th day of June, 1916.

W. E. SETTLE,

"Acting Chief Justice Court of Appeals of Kentucky."

The proceedings under the writ of error were continued by having the record copied and filed in the office of the clerk of the United States Supreme Court, where the hearing of the writ of error is now pending.

On November 1st, 1916, the respondent Gordon, pursuant to notice, moved this court:

(1) To dissolve the temporary restraining order which was issued herein on February 29th, 1916; and,

(2) To vacate and set aside so much of the order of June 27th, 1916, allowing the writ of error, as provides that the writ of error shall operate as a supersedeas.

1. We understand the contention of the petitioner to be that the order of acting Chief Justice Settle directing that the order granting the writ of error should operate as a supersedeas, had the effect of keeping the temporary restraining order in force until the case should be finally

disposed of in the Supreme Court of the United States. This contention is based upon the fact that no formal order was entered dismissing the temporary restraining order when the case was finally disposed of by the denial of the writ.

We do not so understand the effect of the final order of this court denying complainant's petition for the writ of prohibition. It should not be overlooked that the temporary restraining order was issued only for the purpose of preserving the status of the case pending the trial, and until some further or final order should be made. It expressly so declares. So, when the case was finally heard and the writ of prohibition was denied, that was the final order in the case (Civil Code, sec. 475), and necessarily carried with it a dismissal of the entire case, including the annulment of the temporary order of prohibition. Any other view must necessarily hold that the temporary writ of prohibition was in effect after the final writ of prohibition had been denied; a position that cannot, with reason, be maintained.

In the late case of Potter v. Yonts, 172 Ky. 132, the clerk had granted a temporary injunction, and upon the trial the circuit court dismissed the petition, but did not formally discharge the temporary injunction.

In that case this court said:

"The dismissal of the petition ended the case, and necessarily operated as a dissolution of the injunction granted by the clerk. The case could not be pending for one purpose after it had been dismissed for all purposes."

Our conclusion is, that the temporary order of prohibition of February 29th, 1916, was annulled and discharged by the final order denying the writ of prohibition; and, as it is not now in force, no further order is necessary, or will be entered, in the premises. The first motion is, therefore, overruled.

2. Section 1007 of the U. S. Revised Statutes (1901), reads as follows:

"In any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas by serving the writ of error, by lodging a copy thereof for the adverse party in the clerk's office where the record remains, within sixty days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law on the issuing of the citation.

But if he desires to stay process on the judgment, he may, having served his writ of error as aforesaid, give the security required by law within sixty days after the rendition of such judgment, or afterward, with the permission of a justice or judge of the appellate court. In all such cases where a writ of error may be a supersedeas, execution shall not issue until the expiration of ten days.'' 4 Fed. Sts. Ann., p. 618.

The order of June 27th, 1916, was entered under the authority of the federal statute, above quoted. It appears, however, that no copy of the writ of error was lodged in the office of the clerk of this court for the adverse party. It is, therefore, claimed by the respondent that the federal statute has not been complied with, and that this court was, therefore, without power to direct that the writ of error should operate as a supersedeas.

This conclusion, however, does not follow from the premise. It will be noticed that the order of June 27th, 1916, merely followed the federal statute, above. quoted; and we do not see how the failure of the petitioner to subsequently comply with the statute by lodging a copy of the writ of error in the clerk's office for the use of the respondent, can in any way affect the validity of the order. The order was not inadvertently made.

Moreover, under the well recognized rules of appellate practice, we do not understand that this court now has jurisdiction to vacate the order of June 27th, 1916.

In Newman's Pleading & Practice, 2nd ed., section 681, it is said:

''The effect of an appeal is to remove the cause to the higher forum and to continue the proceedings there. A cause cannot progress at the same time in the inferior and appellate tribunal. It follows, therefore, that when an appeal has been taken the case is no longer pending in the lower court; its authority is terminated; and no further steps can be taken there, except by way of amendment or correction of the record for the purpose of taking the corrected record before the Court of Appeals by *certiorari* or *subpoena duces tecum,* and thus enabling that court to correctly decide the case.''

The rule is stated in 3 C. J., p. 1252, as follows:

''Jurisdiction of the cause is not transferred to the appellate court but remains in the trial court until the appeal or proceeding in error is perfected in accordance

with the statutory provisions on the subject. On the other hand, as soon as the appeal or proceeding in error is perfected, the jurisdiction of the appellate court attaches, and that of the trial court ceases, as far as the subject matter of the appeal or proceeding in error is concerned. And, when the jurisdiction of the appellate court has attached, it may permit the subsequent performance of any act to perfect the appeal which is not essential to its jurisdiction and which was unintentionally omitted.

"Generally, when appellant has given his notice of appeal or filed his affidavit, and has given a satisfactory bond or undertaking, when this is required, or when a writ of error has been duly issued and returned, and not until then, he has done substantially all that is required of him to give the appellate court jurisdiction."

In Keyser v. Farr, 105 U. S. 265, after the bond had been accepted and the case had actually been entered in the Supreme Court of the United States, the trial court vacated its order granting the appeal; and the appellee moved a dismissal of the appeal for that reason. It was, however, denied. See also Draper v. Davis, 102 U. S. 370.

And, in McKay v. Neussler, 148 Fed. 86, it was held by the United States Circuit Court of Appeals that by the allowance of a writ of error and supersedeas, the lower court lost jurisdiction to correct an error in the record, even though apparent on the face thereof.

If the order of June 27th, 1916, was erroneous, or if the statute was not subsequently complied with, it is for the Supreme Court of the United States, the forum in which the appeal is pending, to pass upon those questions. That practice was followed in Kitchen v. Randolph, 93 U. S. 86, and in Sage v. Central R. R. Co., 93 U. S. 412, relied upon by respondent. See also Title Guaranty & Surety Co. v. United States, 222 U. S. 401.

The second motion is also overruled.