## Napier v. Napier

(Decided January 20, 1920.)

### Motion to Grant Maintenance.

1. Divorce—Maintenance Pending Appeal May Be Allowed in Circuit Court.—In a suit for a divorce and maintenance, or alimony and maintenance, the circuit court may make an order allowing maintenance pending an action in that court as well as in the Court of Appeals. But after a final and appealable order in the circuit court from which an appeal has been prayed the circuit court has no jurisdiction to make any order allowing maintenance pending the action in the Court of Appeals.

2. Divorce—Maintenance Pending Appeal—When This Court May Allow—Practice.—When the circuit court fails or refuses to allow

maintenance pending the appeal of the case in the Court of Appeals this court on motion of the wife has the power to allow maintenance pending the appeal in this court, but when the wife desires maintenance in this court the proper practice is for the wife to make a motion in this court to have the case advanced and for maintenance.

HAZELWOOD & JOHNSON for motion.

RAWLINGS & WRIGHT against motion.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—
Overruling motion to grant maintenance.

The appellant, Martha Napier, brought her action in the Laurel circuit court seeking to recover alimony in the sum of $2,000.00 from her husband, the appellee, William Napier. Pending the action and before the case had been prepared for submission she was allowed by the lower court $75.00 maintenance. After this she made a motion for another allowance which the court refused to make, and thereafter the case coming on to be heard there was a judgment dismissing her petition and refusing alimony. From this judgment she prosecuted an appeal that is now pending in this court; and we are asked by her counsel to ''make to her an allowance for her support and maintenance during the pendency of this appeal.'' As it does not appear that we have heretofore passed on a motion like this we thought it proper to write a brief opinion.

In Pemberton v. Pemberton, 169 Ky. 476, which was a suit for divorce and alimony by Lucy Pemberton against her husband, John Pemberton, she was granted a divorce and awarded alimony in the sum of $5,000.00 and also awarded the sum of $30.00 per month as maintenance pending the disposition of the appeal, which her husband prosecuted from the judgment awarding alimony. One of the questions raised by the husband was that the lower court was without authority to award Mrs. Pemberton maintenance pending the appeal. In response to this alleged error we said, citing a number of cases in support of it, that: ''Both by the Civil Code and by the statutes the circuit court is empowered to grant the wife maintenance during the pendency of an action for divorce and alimony. Civil Code, section 424, Kentucky Statutes, section 2121. An action is pending whether in the circuit court or here on appeal. We, therefore, con-

clude that the circuit court has the power to grant maintenance pending the appeal.''

In that case, as will be seen, we approved the order made in the lower court awarding maintenance pending the appeal, but in the case we have the lower court refused to allow the complaining wife alimony or maintenance and so the precise question is—should we make her an allowance for maintenance pending the disposition of her case in this court?

In section 424 Civil Code it is provided that ''During the pendency of an action for divorce or alimony, the court may allow the wife maintenance, and enforce the payment thereof by orders and executions and proceedings as in case of contempt.'' Therefore, under this express statutory authority supplemented by the opinion in the Pemberton case the lower court might have allowed Mrs. Napier maintenance during the pendency of her action in the lower court, as well as during its pendency in this court.

In view of the action of the lower court in refusing maintenance except in the sum awarded soon after the action was instituted, and in dismissing the petition, it necessarily follows that Mrs. Napier, although she may have a meritorious case and one entitling her to alimony and maintenance, a question we do not decide as we have not examined the record, would be left without either alimony or maintenance during the pendency of the appeal in this court.

The circuit court has, as we have said, the power while the case is pending in that court to make an order allowing the wife maintenance pending the action in the lower court as well as in this court. But the circuit court has no authority to make any order concerning alimony or maintenance after there has been a final and appealable order or judgment made in the case and the complaining party has prayed an appeal therefrom. When this has been done the circuit court is divested of jurisdiction to make any orders in the case or enter any judgment therein, as the case thereafter must be treated as pending in the Court of Appeals.

If, however, the circuit court for any cause should fail or refuse to make on the motion of the wife an order allowing maintenance while the case is pending in the Court of Appeals we have no doubt about the power of this court to make on the motion of the wife an order

allowing maintenance during the pendency of the appeal in this court, if it should be made to appear to the court that such an order should be made. Ex parte Farwell, 196 Ala. 434, 1916 F. L. R. A. 1257. But whether such an order should be made would necessarily require an examination of the record and such an examination as would be given if the case was considered for the purpose of rendering a decision of the merits. So that to save the time and labor necessary to a determination of the question whether maintenance should be awarded we have concluded that a more satisfactory practice would be for the wife to ask this court to advance her appeal in order that there might be an early decision in the case, thus disposing upon one consideration of the record the question of maintenance and the case on its merits.

Wherefore the motion to allow maintenance is overruled, but counsel for Mrs. Napier may, if they so desire, move this court to advance the case, filing with their motion a statement of the reasons why it should be advanced.