## Hertel v. Edwards, Judge.

(Decided December 21, 1923.)

### Original Action for Writ of Prohibition.

1. Divorce—Court of Appeals, and Not Circuit Court, May Allow Alimony After Appeal Perfected.—Where judgment of divorce granting alimony was superseded, and appeal was perfected by filing a transascript of the record in the regular way, the trial court was without jurisdiction to thereafter make an allowance of alimony "pending the appeal," under Ky. Stats., section 2121, and Civil Code of Practice, section 424; the Court of Appeals being the only court which could grant alimony at that time.

2. Appeal and Error—Appeal Divests Trial Court of Jurisdiction.—An appeal removes a cause to the higher forum and temporarily during the pendency of the appeal divests the trial court of its jurisdiction.

L. A. HICKMAN, HICKMAN & HICKMAN and SAMUEL G. TATE for plaintiff.

SELLIGMAN & SELLIGMAN for defendant.

OPINION OF THE COURT BY JUDGE THOMAS—Sustaining motion and granting writ of prohibition.

This is an original action filed in this court by plaintiff (petitioner), Louis Hertel, against defendant, Davis W. Edwards, judge of the first chancery division of the Jefferson circuit court, whereby petitioner seeks an order from this court prohibiting defendant from in any manner enforcing an order made by him on December 4, 1923, in the case of Hertel v. Hertel, theretofore pending in his court.

That case was a divorce proceeding instituted by petitioner against his wife, Barbara Hertel, in the Jefferson circuit court and it was allotted to defendant for trial. On July 20, 1923, he entered a final judgment therein whereby he dismissed plaintiff's petition but granted his wife a divorce on her counterclaim and gave her a judgment against her husband for $7,500.00 permanent alimony and allowed her attorneys a fee of $1,000.00 to be taxed against the plaintiff as cost. The judgment also adjusted the property rights of the parties by ordering restorations as required by the statute, and directed that plaintiff, petitioner herein, pay to his wife the sum of $85.00 per month as temporary alimony until he per-

formed the judgment of the court. On the 14th day of August following the entry of that judgment, petitioner superseded it, and on the same day served a copy thereon upon his wife and immediately proceeded to prepare the record for appeal to this court and filed it in the clerk's office on November 26, 1923. The order made by defendant on December 4th thereafter, complaint of which is made in this case, made an allowance to the wife of $85.00 per month as alimony "pending the appeal," and directs its payment by petitioner or C. R. Boswell, who had theretofore, and before the submission of the cause, been appointed receiver in the case.

The questions presented for determination are (1), has this court jurisdiction to make such an allowance after the appeal has been perfected by filing a transcript of the record in the regular way with the clerk of the Court of Appeals, and if so (2), has the trial court concurrent jurisdiction of a similar motion after that time? The question of the jurisdiction of the appellate court to entertain such a motion under the circumstances is quite generally conceded (though there are some few cases denying it), as will be seen from section 643, 19 Corpus Juris, page 281; Mosher v. Mosher, 12 L. R. A. (N. S.) 820, 125 A. S. R. 654; Annotations to the case of Maxwell v. Maxwell, 27 L. R. A. (N. S.) 712; Taylor v. Taylor, 1915A, L. R. A. 1044; Robinson v. Robinson, 1915B, L. R. A. 1071; Prine v. Prine, 36 Fla. 676, 34 L. R. A. 87; Elzas v. Elzas, 183 Ill. 160; Chaffee v. Chaffee, 14 Mich. 463; Vanduzzer v. Vanduzzer, 70 Iowa, 614; Lake v. Lake, 17 Nev. 230; Krause v. Krause, 23 Wis. 356, Cralle v. Cralle, 81 Va. 773, and Wagner v. Wagner, 36 Minn. 239. Many other cases upholding the jurisdiction of the appellate court to make such an allowance under the same conditions will be found in the notes to Corpus Juris *supra,* as well as in the opinions referred to.

The Maxwell case from West Virginia held to the contrary, and there are a few other courts which coincide with that opinion, although there was a strong dissenting opinion in that case. The majority opinion therein denied the jurisdiction upon the ground that the court possessed appellate jurisdiction only, except in certain cases of original jurisdiction conferred by the Constitution of the state, and that to entertain such a motion would be assuming original jurisdiction where it

was not conferred. The other courts taking a similar view adopt the same reasoning, while the great majority of them holding to the contrary do so upon the ground that the power to make such an allowance, after the perfection of the appeal, is an implied one and incidental to the appellate jurisdiction, and is not the exercise of original jurisdiction; and such was the holding of this court in the cases of Napier v. Napier, 186 Ky. 558; Kreiger v. Kreiger, 194 Ky. 812, and Heskamp v. Heskamp, 195 Ky. 618. Our statute, section 2121, says that "Pending an action for any divorce the court may allow the wife maintenance;" and section 424 of the Civil Code of Practice says: "During the pendency of an action for divorce or alimony, the court may allow the wife maintenance, and enforce the payment thereof by orders and executions and proceedings as in cases of contempt." We held in the case of Pemberton v. Pemberton, 169 Ky. 476, that the trial court under the statute, and the section of the code, *supra*, "is empowered to grant the wife maintenance during the pendency of an action for divorce and alimony."

In that case the complained of order of allowance during the appeal was made by the trial court after rendering the judgment for permanent alimony (but whether before or after superseding the judgment is not shown), and before the appeal was perfected by filing a transcript in this court. Hence, the question as to whether the trial court could make such an allowance after the judgment was superseded *and the appeal perfected* was not before the court and the statement therein that "An action is pending whether in the circuit court or here on appeal" could not apply to the situation we have here. In the Heskamp case, after discussing the power of this court to entertain such a motion as well as the authority of the trial court after appeal prayed and before it was perfected, the opinion said: "The plaintiff, however, did not make application to the (trial) court to order the payment of maintenance while the appeal is pending and undisposed of, but, she can yet do so, *before* the defendant has *perfected* his appeal by filing the record in the office of the clerk of this court and whatever else is necessary to perfect his appeal" (our italics), which impliedly holds that such an order could not be made by the trial

court *after* the appeal has been perfected in the manner indicated.

In the Napier case, *supra,* the opinion said: "The circuit court has, as we have said, the power while the case is, pending in that court to make an order allowing the wife maintenance pending the action in the lower court as well as in this court. But the circuit court has no authority to make any order concerning alimony or maintenance after there has been a final and appealable order or judgment made in the case and the complaining party has prayed an appeal therefrom. When this has been done the circuit court is divested of jurisdiction to make any orders in the case or enter any judgment therein, as the case thereafter must be treated as pending in the Court of Appeals." The question as to the continued jurisdiction of the trial court to make the allowance pending the appeal was not involved in that case, though, as will be seen, it was stated in the opinion that its jurisdiction ceased after final judgment followed by the granting of an appeal whether, as it would seem, the appeal was perfected or not. After that time, as will be seen from the excerpt, the cause "must be treated as pending in the Court of Appeals." We are inclined to the opinion that, in so far as it was therein said that the trial court's jurisdiction ceased upon a prayer for the granting of an appeal, it was unnecessary to the decision of the question involved and went beyond what we conclude is the correct practice; but in so far as the opinion held that the jurisdiction of the trial court ceased upon the *perfection* of an appeal to this court it is in harmony with the great majority of cases as well as the later Heskamp case from this court. Many of the cited cases, including the Mosher case, where there existed statutory provisions with reference to the allowance of temporary alimony as we have in section 2121 of the statutes and section 424 of the code, construe the word "court" therein as referring to that tribunal in which the cause is pending at the time the motion is made, and do not construe such provisions as referring to the trial court only, but as including any court in which the cause may be pending by a perfected appeal.

It is a long settled rule of appellate practice, especially when the judgment has been superseded as required by the local practice, and when it is allowable,

that an appeal removes the cause to the higher forum and temporarily during the pendency of the appeal, divests the trial court of its jurisdiction. Miller's Appellate Practice, section 87, page 151, and Ohio River Contract Co. v. Gordon, Judge, 172 Ky. 404. And in many classes of cases that effect will be produced upon the execution of a supersedeas before the proper officer. In as much, however, as the failure to perfect the appeal in a divorce case so as to give this court jurisdiction to entertain such a motion might be postponed until near the close of the time for prosecuting an appeal, during which time the wife might be deprived of maintenance, a well grounded exception seems to exist in such cases, as to the effect of superseding the judgment, on the jurisdiction of the trial court, since if it was thereby deprived of jurisdiction the wife might be made to suffer on account of the laches of her husband in perfecting his appeal. Hence, in that character of cases the lower court continues to have jurisdiction to make such orders until the appeal is perfected and its pendency in the appellate court completed by filing the record therein. After that time we think the authorities and adjudged cases clearly hold that the jurisdiction, until the appeal is finally determined, is exclusively with the appellate court, and which, according to our interpretation, is the effect of the opinions of this court *supra*. That conclusion harmonizes with the universally accepted doctrine relative to the effect of appeals and at the same time preserves the rights of the indigent wife by affording her a tribunal to which she may resort at all stages of the proceeding.

Since, in this case, the appeal of the petitioner was perfected at the time of the making of the complained of order, and the record then duly filed in this court, we conclude that the defendant, as presiding judge of the trial court, was without authority to make it, and the motion is sustained and the writ granted.