## Rose v. Davis.

Dec. 19, 1941.

R. S. Rose for appellant.

W. T. Davis for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

This suit is an outgrowth of a divorce action between appellant, J. N. Rose, and Lillian Rose, his wife, in which W. T. Davis was Lillian Rose's attorney. In the divorce action the chancellor found that both parties were in fault, though the wife in a lesser degree, and he adjudged that the parties be granted a divorce from bed and board and allowed the wife alimony and maintenance in the sum of $60 a month. J. N. Rose appealed, and this court reversed the judgment on the ground that the marriage was bigamous and void since the proof showed that Lillian Rose had a living husband at the time of her marriage to J. N. Rose. Rose v. Rose, 274 Ky. 208, 215, 118 S. W. (2d) 529. Thereupon J. N. Rose brought this action against W. T. Davis to recover $1,710, the amount paid by him as alimony and costs under the judgment entered in the circuit court which appellant alleged was void and obtained by Davis by fraud. A demurrer to the petition was sustained, and, the plaintiff having declined to plead further, his petition was dismissed and he appeals.

The petition, six typewritten pages in length, consists principally of repetitions, in substance, of the allegation "that the defendant, Davis, intentionally, maliciously, fraudulently and in bad faith prevented this plaintiff from superseding said judgment and either fraudulently aided and abetted the said Lillian Rose in unjustly collecting the same off of him or that he of his gross negligence and carelessness and malice and bad faith failed to know the law in the case and improperly advised the court." Not a single fact is stated warranting the conclusion that Mr. Davis was guilty of any action approaching unethical conduct or that in performing his services as an attorney for the defendant in the divorce action he did more than represent his client with

that high degree of fidelity and good faith expected of a competent attorney. An attorney is not ordinarily liable to third persons for his acts committed in representing a client. It is only where his acts are fraudulent or tortious and result in injury to third persons that he is liable. To hold an attorney responsible for the damages occasioned by an erroneous judicial order, even though the error be induced by him, would make the practice of law one of such financial hazard that few men would care to incur the risk of its practice. In Wood v. Weir, 5 B. Mon. 544, an attorney, because of malice toward the defendant, procured from a justice of the peace an illegal and oppressive order of attachment by which injury accrued to the defendant, and it was held that he could be made liable for the wrong as well as the client; but the allegations of the petition in the case before us present no such state of facts. The burden of the petition is that the judgment granting alimony and maintenance to Lillian Rose was void and the refusal of the chancellor to allow the judgment to be superseded wrongfully permitted appellee's client to collect the monthly payments pending the appeal. A judgment awarding permanent alimony to a divorced wife is a final judgment and can be superseded, but the circuit court is vested with authority to make an allowance for the maintenance of the wife during the pendency of an appeal to this court, and such order cannot be superseded. Heskamp v. Heskamp, 195 Ky. 618, 242 S. W. 857. The action of the chancellor in the divorce case was, in effect, an allowance to the wife of maintenance in the sum of $60 a month pending the appeal, and, under the circumstances, was proper. The reluctance with which this court reversed the judgment may be sensed from the concluding paragraph of the opinion in Rose v. Rose, supra [274 Ky. 208, 118 S. W. (2d) 532], which reads:

"The sympathies of every fair-minded man must be with the appellee. She had frankly advised Rose beforehand of her marital situation, of which he was then ignorant. He promised to shield her from possible developments, but now repudiates his agreement and turns his knowledge into a sword to destroy her and to save himself from the responsibility of providing her a livelihood after living with her more than ten years as her husband. But the law is not to be administered according to sympathetic attitudes. In cases of this kind there is in-

volved a high public policy and the withholding of apparent justice in an individual case is outweighed by the injury that may be done the public by giving judicial sanction of a bigamous marriage. We are, therefore, constrained to reverse the judgment for appropriate orders."

It does not appear from the petition that appellee made any false representations to the court or concealed any facts from the court in order to obtain the rulings of which complaint is made. On the other hand, the chancellor had before him all material facts in the case, and, with full knowledge of all the facts, rendered judgment in favor of appellee's client.

We find no facts stated in the petition authorizing the recovery sought against Lillian Rose's attorney, and it follows that the trial court properly sustained the demurrer thereto.

The judgment is affirmed.