## CADDEN  v.  SMITH, Circuit Judge.

Court of Appeals of Kentucky.

Jan. 22, 1954.

Vincent J. Hargadon, Louisville, for petitioner.

Macauley L. Smith, Louisville, J. Walter Clements, Louisville, amicus curiae, for respondent.

DUNCAN, Justice.

This original action seeks a writ of mandamus to require the respondent, Judge of the Jefferson Circuit Court, Chancery Branch, First Division, to enter an order requiring the payment to petitioner of alimony, pending an appeal to this Court from an order of the lower court denying divorce and alimony. The writ will not lie for two reasons.

■ We have many times written that our power to control the action of inferior jurisdictions under Section 110 of the Kentucky Constitution is limited to cases in which the inferior court is acting without jurisdiction, or is acting erroneously within its jurisdiction and great and irreparable injury will result therefrom, and the petitioner is without legal remedy by appeal or otherwise.

■ In the present action, the petitioner has a complete and adequate remedy. On an appeal from a judgment refusing alimony, the Court of Appeals may award maintenance, pending the appeal. Napier v. Napier, 186 Ky. 558, 217 S.W. 683. Until the transcript of the record on appeal has been filed in this Court, the circuit court has jurisdiction to make the award. After the filing of the transcript, this Court alone may make such an allowance. Hertel v. Edwards, 201 Ky. 456, 257 S.W. 36. After the transcript is filed in this Court, the petitioner may move this Court for temporary alimony, pending the appeal.

Petitioner insists that she is without funds to pay for the preparation of the transcript. Respondent's answer discloses that there is a fund presently on deposit with the receiver of the Jefferson Circuit Court in which petitioner has been adjudged an interest, her share being approximately $4,000. Respondent represents that after the cost of the transcript has been ascertained, he will direct its payment out of this fund.

■ A second and equally impelling reason for denying the writ is the rule, which we have consistently followed, to the effect that mandamus will not lie to control the exercise of a judicial discretion. Although the writ may be invoked to set a court in motion, it cannot be used as a means of controlling the result. Hargis v. Swope, 272 Ky. 257, 114 S.W.2d 75. The allowance of alimony pendente lite, or pending an appeal, is addressed to the sound discretion of the court. Wills v. Wills, 168 Ky. 35, 181 S.W. 619. We have no right to control such discretion in an original action.

The motion for a writ of mandamus is denied.