**Yvonne M. PENROD, Appellant,**

v.

**Robert Eugene PENROD, Appellee.**

Court of Appeals of Kentucky.

Feb. 5, 1971.

Edward T. Ewen, Jr., Louisville, for appellant.

Scott Miller, Jr., Louisville, for appellee.

EDWARD P. HILL, Jr., Judge.

Appellant, Yvonne M. Penrod, plaintiff in the trial court, appeals from a judgment which allowed her lump-sum but no periodic alimony. We reverse and remand for proceedings hereinafter outlined.

The parties were married in 1953 when appellant was 18 and appellee was 19 years of age. They were penniless. With substantial help from appellant's grandmother, the parties wisely purchased real estate south of the city of Louisville on which appellee, with unusual sagacity and business acumen, constructed a shopping center.

Appellant contributed substantially to the development of the shopping center while keeping the home and caring for two adopted children. The parties were unfortunate in that their two natural born children died shortly after birth.

After starting from scratch, the parties parlayed a small amount of money, their credit and their ingenuity into a gross estate found by the chancellor to be $230,-690.41 with liabilities of $112,199.72, leaving them a net estate of $118,490.69.

The chancellor adjudged appellant thirty percent of this net estate, or $35,547.21. As a credit on this allowance to appellant, the judgment gave her a home on Cooper Chapel Road valued at $20,000 and an automobile valued at $1,800. Appellant was awarded the custody of the the two children and $40 per week for their support. She also recovered her costs and attorney fees.

Appellee was adjudged the entire shopping center and adjacent land.

Appellant's main argument is that she is entitled to the shopping center, and failing this, she is entitled to a greater part of the net estate and to future periodic alimony.

The tangled mess left by a broken marriage presents difficult problems for the courts, both at the trial court and appellate court level. The facts and circumstances of each case are usually so varied that it is difficult to apply fixed rules or guidelines. However, with the benefit of more than a century of study and experience by courts of equity and with some statutory framework, we have recently attempted to "correct, clarify, and restate the law in this jurisdiction applicable to division of property and alimony." Colley v. Colley, Ky., 460 S.W.2d 821.

The appellant was granted a divorce December 1, 1969, on the ground of cruel and inhuman treatment, consisting of what appellant termed "neglect." The judgment

appealed from was entered February 4, 1970.

We shall endeavor to state the important facts that bear upon the questions presented without going into details of the various ramifications of this tragic marriage.

Facts that relate to the settlement of property rights may be first catalogued. It may be safely and fairly stated that both parties contributed to the accumulation of the net estate. Appellant's contribution took the form of keeping the home and family in addition to keeping records and some supervision of construction of the shopping center. Appellee provided the engineering and architectural expertise as well as the contribution of his outside salary to the joint endeavor, he having held a job with the Kentucky Department of Parks as superintendent of construction for quite some time prior to and since the divorce.

Next we list some of the facts as they bear on the question of alimony. Appellant owns by inheritance from her grandfather a farm valued at $14,600, which produces an annual income of about $1,400. To recapitulate, she will have the use of the home on Cooper Chapel Road, plus the use of $13,747.21 (balance lump sum) which at six percent interest will produce $824.83, giving her a total income of $2,224. 83 for her personal use. It may be noted here that the judgment directs appellee to pay $20 per week for each child. An order relative to child-support payments during the pendency of this case in the trial court and pending the appeal directs appellee to pay all necessary medical and dental expenses of the wife and children in addition to all utility bills, but the judgment only requires appellee to pay appellant $20 weekly for each child and is silent as to medical and dental care and utilities.

It is doubtful that appellant can live very "high on the hog" on an income of less than $200 per month.

We turn now to appellee's income. His net monthly salary from his state job is $719.26 ($8,631.12 annually). The net income from rentals on the shopping center exceeds $4,000 annually, giving appellee a net annual income in excess of $12,600. Appellee is heavily in debt but has sufficient gross income (over $32,000) to meet his debt service, including payment on principal and interest.

The judgment from which the appeal is prosecuted does not award periodic alimony. However, it is not clear from the findings of fact and conclusions of law just what the chancellor intended. It is stated in those findings that: "In this case, the Court feels that the plaintiff should have lump sum and periodic." With this we heartily agree, although we do not think the chancellor did what he intended should be done. Certainly the judgment does not comport with the rules in Colley, supra. Therefore we remand the case with directions that the chancellor reconsider the case on the question of division of property accumulated during their marriage, and, after so doing, determine whether appellant is entitled to periodic alimony.

By way of clarifying our conclusion, we simply say that we find the judgment in favor of appellant is inadequate to cover her right as a property settlement and her right to periodic alimony. Obviously the right to periodic alimony must depend upon a number of factors as outlined in Colley, including the sufficiency of her own estate to meet her needs. This cannot be determined until after the chancellor has given her a just and equitable part of their estate accumulated during the marriage.

The judgment is reversed for proceedings consistent herewith.

All concur.