**JOHNSON BONDING COMPANY, Inc.**
**Petitioner,**

v.

**Earl F. ASHCRAFT, Judge Lee Circuit**
**Court, Respondent.**

Court of Appeals of Kentucky.

June 30, 1972.

Charles W. Curry, Lexington, for petitioner.

STEINFELD, Chief Justice.

Petitioner, Johnson Bonding Company, Inc., executed a bail bond in the amount of $2,500 to guarantee the appearance of Ernest McNabb who had been charged with crime. When McNabb did not appear for trial the Commonwealth moved for bond forfeiture, which motion was sustained. The matter was set for hearing to determine whether judgment should be entered for the whole amount of the bond or if remittance in whole or in part should be granted.

After hearing evidence, the court adjudged that the entire bond in the amount of $2,500 should be forfeited. The Johnson Bonding Company, Inc., timely gave notice of appeal and took the necessary steps to perfect that appeal. Twenty-seven days after the judgment appealed from had been entered and before decision by the appellate court, petitioner again moved to remit wholly or in part the sum specified in the judgment. Petitioner claims that this procedure is authorized by RCr 4.28(2), which refers to a judgment against the surety and provides in part:

> "After entry of judgment the court for sufficient cause may remit wholly or in part the sum specified in the bail bond."

Respondent has failed to rule on the current motion to remit and petitioner has sought mandamus here to require the trial court to rule on the motion. Among other things, respondent answers that "Respondent does not have jurisdiction of petitioner's motion which was filed * * * after petitioner had filed notice of appeal."

The general rule, with certain specific exceptions, is that the trial court loses jurisdiction over matters that have been appealed until mandate has issued. It is our opinion that RCr 4.28(2) is inapplicable to matters in which an appeal is pending on the judgment forfeiting the bond in whole or in part. For that reason the response is sufficient and the writ of mandamus denied.

All concur.