Yvonne M. PENROD, Appellant,

v.

Robert Eugene PENROD, Appellee.

Court of Appeals of Kentucky.

Dec. 15, 1972.

Rehearing Denied Feb. 16, 1973.

Edward T. Ewen, Jr., R. D. McAfee, Louisville, for appellant.

Joseph V. Mobley, Jr., Hubbs & Mobley, Scott Miller, Jr., Louisville, for appellee.

CATINNA, Commissioner.

By a judgment entered in the Jefferson Circuit Court, Chancery Branch, Second Division, Yvonne M. Penrod was granted a divorce from Robert Eugene Penrod, custody of the parties' two infant daughters, maintenance for the children in the sum of $40 per week, and lump-sum alimony in the amount of $35,547.21, being 30% of the net estate of the parties accumulated during their marriage. No periodic alimony was awarded. Upon an appeal by Yvonne this court, after enumerating the rules in Col-

ley v. Colley, Ky., 460 S.W.2d 821 (1971), remanded the case saying:

" * * * we remand the case with directions that the chancellor reconsider the case on the question of division of property accumulated during their marriage, and, after so doing, determine whether appellant is entitled to periodic alimony."

Penrod v. Penrod, Ky., 463 S.W.2d 309 (1971).

The trial court, using the guidelines of Colley, entered a second or supplemental judgment awarding Yvonne, as a division of property accumulated during their marriage, a sum equal to 35% of the net estate of the parties. Yvonne was also awarded $250 per month as alimony and maintenance for the children of the parties.

Yvonne again appeals, claiming that the court was in error in not awarding her a more substantial part of the net estate of the parties.

We have reviewed the record and except for a mathematical error on the part of the trial court which we will discuss find nothing in this record indicating that the chancellor's findings of fact and judgment entered thereon were clearly erroneous or that a manifest injustice resulted from his actions. Stephanski v. Stephanski, Ky., 473 S.W.2d 806 (1971); Burke v. Burke, Ky., 416 S.W.2d 724 (1967); and Bramblette v. Bramblette, Ky., 448 S.W.2d 44 (1969).

The court committed mathematical errors in computing the sum due Yvonne under the property division, which errors we now discuss and correct.

The gross estate of the parties was $230,690.41. Yvonne had inherited a $14,600 farm at Taylorsville, Kentucky, from her grandfather which was restored to her under the rule in Colley. We have examined both the record on this appeal and the prior appeal and have determined that at no time was the Taylorsville farm ever considered to be a part of the gross estate of the parties. However, the court deducted the value of the Taylorsville farm from the established gross estate. In computing the net estate the court deducted certain identified liabilities totaling $112,199.72. This amount did not include an additional liability of $11,046.37 secured by a mortgage on the residence. The correct liabilities of the parties were $123,246.09.

After correcting these mathematical errors, we have an established gross estate of $230,690.41, outstanding liabilities of $123,246.09, and a net estate of $107,444.32. Yvonne's division of the property accumulated during their marriage, being 35% of their net estate, was $37,605.51.

The trial court adjudged a partial payment of this amount by awarding Yvonne the residence at a fixed value of $20,000 subject to encumbrances and a 1965 Ford automobile at a fixed value of $1800 free of encumbrances. The court, in fixing the value of the residence, failed to take into consideration the mortgage lien. The fixed value of the residence should have been $8,953.65.

After a correction of the mathematical errors above discussed, two sections of the judgment of the court require amendment. Paragraph 3 of the original judgment reads as follows:

"3. The net value of the accumulated estate of these parties which is subject to division is $103,890.69, and plaintiff shall recover of the defendant a sum equal to 35 per cent thereof, which by calculation is $36,361.74."

After the mathematical errors have been corrected, this section of the judgment shall read as follows:

3. The net value of the accumulated estate of these parties which is subject to division is $107,444.32, and plaintiff shall recover of the defendant a sum equal to 35 per cent thereof, which by calculation is $37,605.51.

Paragraph 4 of the original judgment reads as follows:

"4. As a division in kind and as a part of the $36,361.74 above mentioned, plaintiff shall receive (a) the residence at 6307 Cooper Chapel Road at the fixed value of $20,000.00, subject to the encumbrance, and (b) the 1965 Ford Automobile at the fixed value of $1,800.00, free of encumbrance. Defendant shall execute the necessary documents to effect the change of ownership so as to place the title to these properties in plaintiff's name."

After the mathematical errors have been corrected, this section of the judgment shall read:

4. As a division in kind and as a part of the $37,605.51 above mentioned, plaintiff shall receive (a) the residence at 6307 Cooper Chapel Road at the fixed value of $8,953.63, subject to the encumbrance, and (b) the 1965 Ford automobile at the fixed value of $1,800.00, free of encumbrance. Defendant shall execute the necessary documents to effect the change of ownership so as to place the title to these properties in plaintiff's name.

Although the trial court allowed Yvonne alimony and maintenance in the amount of $250 per month, immediately upon perfecting this appeal, December 2, 1971, she moved this court for alimony and maintenance pendente lite. This court, by an order dated January 19, 1972, directed that she be paid temporary maintenance and alimony in the amount of $250 per month, being the same amount allowed by the trial court, and in addition directed Robert to make the monthly payments on the house mortgage. This order further provided that Robert should not alter, destroy, or carry away any property of the shopping center, including the fence around the residence.

On September 8, 1971, Yvonne filed a motion in this court asking that Robert be held in contempt for failing to make his maintenance payment. A response was filed on the same day, and on September 9, the next day, a letter was received stating that Robert had paid up, and it was requested that the motion to show cause be overruled. On September 9, 1972, an order was entered overruling the motion.

On May 5, 1971, Yvonne filed another motion that Robert be held in contempt, which motion contained a notice that it would be brought on for hearing on May 12, 1972. This motion was supported by Yvonne's affidavit dated May 4. On May 15, 1972, this court received a letter from Robert stating that he appeared before this court on May 12 but that neither Yvonne nor her counsel was present. The letter further stated that the so-called delinquent payment had been made on May 4, 1972. On May 18, 1972, an order was entered overruling this motion.

On November 3, 1972, Yvonne filed another motion that Robert be held in contempt and at the same time moved for an order restraining him from cutting ornamental trees on the property. This motion also contained a notice that it would be brought on for hearing before this court on November 14, 1972. On November 14, 1972, Robert appeared pursuant to the notice, but again neither Yvonne nor her counsel was present. On November 14 Robert filed his response to the motion of November 3 and at the same time moved for a protective order restraining Yvonne from further harassment, warrants, and unnecessary motions.

On November 21, 1972, an order was entered passing these last two motions to the merits.

It is readily apparent that from the date of the filing of the second appeal this court was converted into a forum on domestic relations, as it has been required to devote an inordinate amount of time to the marital problems of Yvonne Penrod. In fact, the filing of her motions and the required lapse of time for responses have

been such that it has been almost impossible to get this appeal in a position where it could be finally submitted for consideration and opinion by this court.

KRS 403.055 provides that during the pendency of an action for divorce the court may allow the wife maintenance and enforce payment thereof by proper order.

This court has held that although a judgment awarding a divorced wife permanent alimony is a final judgment and can be superseded the circuit court is vested with authority to make allowance for maintenance of the wife during the pendency on appeal to this court and that such order cannot be superseded. Rose v. Davis, 288 Ky. 674, 157 S.W.2d 284 (1941).

We have also held that once an appeal has been perfected and the judgment superseded the trial court loses all jurisdiction in the case, and thereafter motions for temporary alimony or maintenance pending an appeal are exclusively within the jurisdiction of this court. Hertel v. Edwards, 201 Ky. 456, 257 S.W. 36 (1923).

■ We have concluded that the procedures afforded for the enforcement of a judgment awarding alimony or maintenance or an order fixing maintenance pending an appeal should be modified. However, we can see no reason at this time for changing those rules which provide that after an appeal has been perfected the trial court may not change or modify the judgment forming the basis of the appeal. There is no longer any necessity of engaging in the old game of musical chairs upon the question of enforcement of judgments or orders entered by the trial court awarding alimony or temporary maintenance.

■ In those cases where the judgment of divorce which awards alimony or maintenance is not superseded, the authority and jurisdiction to enforce such judgment remain in the trial court.

In those cases where such judgment has been superseded or stayed, then under the authority of Rose v. Davis, supra, the trial court should upon proper motion enter such orders concerning temporary maintenance or temporary alimony pending an appeal to this court as may be warranted by the evidence in the case.

■ In all instances where an appeal is before this court upon a judgment where maintenance or alimony is an integral part, we hold that hereafter the enforcement of the judgment appealed from or the interlocutory order fixing alimony or maintenance pending appeal to this court shall remain within the jurisdiction of the trial court. However, any action taken by the trial court hereunder shall in no way modify or change the judgment of the trial court which is being considered upon an appeal then pending. We have long held in many instances that a trial court has continuing jurisdiction to enter supplementary and ancillary post-judgment orders, and it is this court's opinion and it so holds that orders entered pursuant to proper motion enforcing those provisions in a judgment fixing alimony or maintenance, or an order fixing maintenance pending an appeal to this court, shall be considered ancillary in character.

This court is of the opinion that the best interests of litigants will be better served by the continued jurisdiction in the trial court to enforce compliance with its orders awarding maintenance pending an appeal and those provisions of a judgment awarding alimony and maintenance during such time as the judgment is before this court on appeal.

From and after the date of this opinion this court will no longer entertain motions seeking temporary alimony or maintenance pending an appeal to this court or motions seeking to enforce the payment of such alimony or maintenance. All such proceedings shall be within the jurisdiction of the

trial court, and orders of the trial court entered pursuant to a proper proceeding shall not be superseded.

So much of Hertel v. Edwards, 201 Ky. 456, 257 S.W. 36 (1923); Rose v. Davis, 288 Ky. 674, 157 S.W.2d 284 (1941); and Cadden v. Smith, Ky., 264 S.W.2d 71 (1954), as is contrary to this opinion is hereby overruled.

It is no longer necessary that we pass upon the merits of the motions pending before this court. Therefore, all such motions are hereby overruled.

Subject to the mechanics of correcting the mathematical errors contained therein, the judgment of the lower court is hereby affirmed.

All concur.