Ted Robert OGLE, Appellant,

v.

Diane Louise OGLE, Appellee.

Court of Appeals of Kentucky.

Dec. 28, 1984.

G. William Blackburn, Jr., Peter Ostermiller, Louisville, for appellant.

Marcia L. Sparks, Louisville, for appellee.

Before HAYES, C.J., and HOWARD and DUNN, JJ.

DUNN, Judge.

■ This is an appeal of an order of the Jefferson Circuit Court dismissing the appellant's motion for a reduction of both his child support and maintenance obligations. The trial court's action was grounded upon its belief that the pendency before this Court of an appeal of the original judgment awarding child support and maintenance deprived it of subject matter jurisdiction over the request for modification under the rule of *Penrod v. Penrod,* Ky., 489 S.W.2d 524 (1972). We disagree, however, and remand with instructions that the Jefferson Circuit Court take appropriate action for an adjudication of the appellant's request for modification.

The parties' marriage of 14 years' duration was ended by a decree of dissolution entered by the Jefferson Circuit Court on June 17, 1982. A supplemental decree dated October 22, 1982, ordered the appellant, Ted Ogle, to pay child support in the amount of $1,000 per month (to be reduced to $750 per month during the children's summer vacation) until the children's eighteenth birthdays and maintenance on a permanent basis of $150 per month. Upon the trial court's denial of his motion for alteration or amendment of judgment under CR 59.05, the appellant filed an appeal of the award of both maintenance and child support with this Court on November 22, 1982.

■ During the pendency of that appeal, the appellant returned to Jefferson Circuit Court where, on March 24, 1983, he filed a motion for modification of maintenance and child support under KRS 403.250(1). Specifically, the appellant requested the complete termination of maintenance and the reduction of child support from $1,000 to $300 per month based upon serious business setbacks which had resulted in a substantial reduction of his income. The appellee, Diane Ogle, resisted the attempt at modification by means of a motion for dismissal grounded upon *Penrod, supra* at 527 in which our then Court of Appeals reaffirmed the general rule that "... after an appeal has been perfected the trial court may not change or modify the judgment forming the basis of the appeal."

She argues that the rule of *Penrod* effectively deprived the Jefferson Circuit Court of jurisdiction over the motion for modification as any action regarding that request would certainly affect the original judgment granting child support and maintenance which was the subject of the appeal pending before this Court. The Jefferson

Circuit Court agreed and dismissed the appellant's motion for modification. He seeks review of that order by this Court.

Upon a consideration of *Penrod,* the nature of KRS 403.250 proceedings, and guidance afforded by precedents from other jurisdictions, we have concluded that *Penrod* is not to be read so broadly. While we do not dispute the appellee's assertion that *Penrod* stands for the proposition that a trial court is without jurisdiction to take any action that would change or modify a judgment which is the basis of a pending appeal, we must note that that case is equally important for the exception which it carves out from that rule. In *Penrod* the Court recognized the authority of a trial court to enter orders enforcing an award of maintenance or an order fixing maintenance pending appeal when the original maintenance award was the subject of a pending appeal. In so doing the court stated that "... a trial court has continuing jurisdiction to enter supplementary and *ancillary post-judgment orders ...*" (emphasis added). *Id.* at 527.

■ A motion for modification of maintenance and child support made pursuant to KRS 403.250(1) is such an "ancillary, post-judgment" proceeding over which a trial court may exercise jurisdiction during the pendency of the initial award. Although we can cite no Kentucky authority supportive of this proposition, an examination of the relevant statutes contained in KRS Chapter 403 indicates the soundness of our conclusion.

KRS 403.200, the statute authorizing the award of maintenance in the context of dissolution proceedings, focuses upon the relative financial resources and needs of each spouse. Likewise, KRS 403.210 for purposes of awarding child support directs a similar comparison of the needs of the child in light of each parents' respective economic means. Conversely KRS 403.-250(1), which sets forth the grounds for a modification of maintenance and child support, directs the circuit court to make an entirely different inquiry. Beginning with the assumption that the award of support and maintenance was proper when initially made, KRS 403.250(1) looks to whether there has been a substantial and continuing change in the conditions that underlay that decree so as to render its continued enforcement unconscionable. By its very terms, a motion for modification under KRS 403.250(1) can concern only those developments that occur subsequent to the original award of support and maintenance and are therefore not subject to review should an appeal be taken from that original judgment.

Furthermore, we would note that KRS 403.250(1) contains no limitation upon the time during which a motion for modification can be made; rather such actions would appear to be proper at any time so long as there has been a sufficiently substantial change of circumstances to justify a change. As a result of these fundamental differences, we believe that a motion for modification of child support and maintenance falls within the scope of the "ancillary, post-judgment" proceedings exception described in *Penrod,* over which a trial court may exercise jurisdiction even during the pendency of an appeal of the original award. *See also, In Re Marriage of Petramale,* 102 Ill.App.3d 1049, 58 Ill.Dec. 537, 430 N.E.2d 569 (1981); *Giamanco v. Giamanco,* 111 Ill.App.3d 1017, 67 Ill.Dec. 606, 444 N.E.2d 1090 (1982); *Martin v. Martin,* 5 Kan.App.2d 670, 623 P.2d 527 (1981).

■ As a final comment, we observe that in determining that the pendency of an appeal of an award of maintenance and child support does not deprive a trial court of jurisdiction over a motion for modification for that judgment pursuant to KRS 403.250(1), it is not our intention to create a new means of attacking such a judgment in addition to that of appellate review. To merit relief under KRS 403.250(1), a showing of a substantial and continuing change in condition is still incumbent upon the

moving party and a circuit court may still summarily dispose of motions for modification which are insufficiently grounded on such exigent circumstances. Should it appear that the motion for modification is not so founded, but is merely an additional attack on maintenance and child support as originally granted, the trial court in its sound discretion may properly refuse to exercise jurisdiction during the pendency of an appeal of that same question.

The order of the Jefferson Circuit Court is VACATED and this case is REMANDED for proceedings not inconsistent with this opinion.

All concur.