**COMMONWEALTH of Kentucky, Appellant,**

v.

**Joe E. HAYES, Appellee.**

Supreme Court of Kentucky.

July 2, 1987.

Rehearing Denied Sept. 3, 1987.

David L. Armstrong, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellant.

Larry H. Marshall, Asst. Public Advocate, Frankfort, for appellee.

LEIBSON, Justice.

This case reads like a plot to a comedy of errors by Shakespeare. It presents a series of extraordinary procedural blunders which will unfold during the course of this opinion, revealed *not* by the record on appeal, but by review of events that have transpired since the judgment. The mystery could only be unraveled by review of the record compiled in the Circuit Court after sentencing occurred.

The appellee, Joe E. Hayes, was convicted of trafficking in a controlled substance (dilaudid), for which he was sentenced to a $10,000 fine, *no* imprisonment. Further, he was convicted as a second-degree persistent felony offender, for which the jury recommended a fifteen year sentence, which the trial court did *not* impose, no doubt because the persistent felony offender statute, KRS 532.080(1), does not authorize an enhanced sentence of imprisonment as a persistent felony offender when there has been no sentence of imprisonment assessed for the underlying offense. Subsequently, the Court of Appeals ordered that the trial court should dismiss the persistent felony offender charge, and this order has not been challenged in the present motion for discretionary review.

However, the Court of Appeals also ordered dismissal of the final judgment imposing the $10,000 fine assessed for the underlying offense. We have accepted discretionary review of this portion of the Court of Appeals' decision, and reverse.

The premise for the appellee's attack on the portion of the judgment imposing the fine is that the appellee is entitled to relief from the obligation to pay because *subsequent* to the entry of judgment he was returned to federal prison in Indiana to serve out the remainder of a term of imprisonment which had previously been imposed upon him by a U.S. District Court for an unrelated federal offense. Hayes had been brought to Kentucky from this federal prison to stand trial for the present offense.

The bottom line on this appeal is that the appellee does not complain of trial error, or of any error as such related to his sentencing for the crime for which he stands convicted; instead, on direct appeal from the judgment, Hayes seeks to be relieved of the obligation to pay the fine thereby imposed on grounds of allegedly irregular post-sentencing incarceration procedures.

■ We could cut this Gordian knot simply by pointing out that a direct appeal is limited to trial and sentencing errors in the record, and does not encompass relief generated from subsequent events which may render the judgment unenforceable. The appellee has been granted relief on grounds which were not part of the direct appeal. If the appellee were entitled to relief from enforcement of the judgment because of what happened subsequently, and this is not to suggest that he was, his pathway would have been by writ of habeas corpus or by proceeding under Rule 60.02. This rule provides in pertinent part that in a proper case a court may relieve a party from its final judgment upon grounds that the judgment "has been satisfied, released or discharged."

Both the writ of habeas corpus and the CR 60.02 procedure contemplate a hearing, the taking of evidence to prove the post-judgment circumstances that justify relief, and an appeal on the record from that hearing. The claim was made at oral argument in the present case that this process should be shortcircuited in the interest of "judicial economy." This is nonsense. There must first be a record justifying relief before it can be granted. There is none here.

■ On Discretionary Review the facts before us are that a judgment of conviction and a sentence to pay a fine have been set aside for reasons which could not even be considered on this appeal. The various cases relied upon by the appellee and utilized by the Court of Appeals in reaching

its decision involve either CR 60.02 relief or writ of habeas corpus, not direct appeal. *Balsley v. Commonwealth,* Ky. 428 S.W.2d 614 (1968), *Davis v. Harris,* Ky., 355 S.W.2d 147 (1962), and *Thomas v. Schumaker,* Ky., 360 S.W.2d 215 (1962). For reasons that we will subsequently discuss, these cases would be distinguishable from the present case even if the appellee had followed the correct procedure. But, it is not a correct procedure, and the Court of Appeals erred in granting relief on grounds unrelated to the direct appeal.

Our obligation to provide a reasoned opinion requires us to go further than simply cutting through to the bottom line. Therefore, we will undertake to further unravel the procedural knots in this case, one loop at a time.

In addition to imposing a $10,000 fine, as recommended by the jury, for the offense of trafficking in a controlled substance, the final judgment further ordered that the sentence thus imposed "is to run consecutively with the sentence of 5 years imposed on defendant by judgment of the *Jefferson* Circuit Court pursuant to indictment # 83CR1435 & US District Court (Western District of Kentucky) Under indictment # 8300126–01–L." The judgment then ordered the Sheriff to "deliver the defendant to the custody of the Department of Corrections ... to resume serving his sentence under" these two previous *unrelated* convictions. From this point on, the record on direct appeal is silent, and we must go elsewhere for subsequent events.

■ Shortly after being lodged with the Kentucky Department of Corrections, Hayes was returned to federal prison where he remained until May 2, 1986, whereupon he was returned to Kentucky prison authorities. About the time Hayes was returned to federal authorities the trial court signed a document styled "Detainer Warrant" presumably delivered to federal authorities, stating that:

"Due to the fact that the fine of $10,000 was imposed, we need the defendant to return to Jefferson Corrections Department at which time he is released from your Institution."

This document was and is a nullity. There is no authority, statutory or otherwise, for such a document. There is authority, KRS 440.330, for the Governor to release a prisoner to another state for trial, conditioning such release upon his return to the custody of this State "immediately after trial in the demanding state, or the completion of sentence therein, as the case may be." *Id.* This statute "entrusts to the Governor alone the surrender of persons under state custody to the authorities of other jurisdictions." *Thomas v. Schumaker,* Ky., 360 S.W.2d 215, 216 (1962). The cases cited in the Court of Appeals' opinion, *Balsley, Thomas* and *Davis, supra,* stand for the proposition that an unauthorized release to a foreign jurisdiction, that is, the transfer of custody without statutory authority, constitutes "arbitrary treatment barring further enforcement of the sentence under which the prisoner was being held by this state at the time of the transfer." *Balsley, supra* at 616.

None of this is connected to the facts of the present case. In the present case the sentence imposed a fine, not imprisonment, and Hayes was not serving time for this offense when he was transferred back to federal prison. He was, as previously stated, returned to prison to continue serving time for previous unrelated offenses. Hayes had not been adjudicated in default of payment of the fine. Indeed, he could not, and cannot be, imprisoned for nonpayment of the fine until after compliance with the "show cause" procedure set out in KRS 534.060.

■ Thus Hayes' release to federal authorities, whether authorized or unauthorized, has no possible bearing on the sentence to a fine imposed in this case. It may well be that such release was authorized without a detainer warrant from the Governor because Kentucky was the "receiving state" not the "sending state" in the extradition proceeding that took place when Hayes was brought back from federal prison to circuit court to stand trial for the present offense. *See* KRS 440.450, the "Interstate Agreement on Detainers." Under this statute Hayes had a right to be

tried within 120 days of arrival in this state, and Kentucky was then obligated to return him to federal prison. However, in any event, the threshold factor before a prisoner can question an obligation to serve out the remainder of a sentence is proof that he has commenced serving out that sentence and his service has then been interrupted in an unauthorized manner. None of this relates to payment of the fine in this case. Indeed, there has not as yet been any effort to enforce payment of the fine against him.

■ The Commonwealth complains in our Court, with ample justification, that the issue used by the Court of Appeals to decide the case was never raised in the trial court. The issue raised in the trial court was whether the provisions of the Interstate Agreement on Detainers (KRS 440.-450) had been complied with when the appellee was returned from federal prison to Kentucky *to stand trial.* This claim was properly overruled in the trial court, and abandoned on appeal. The issue subsequently argued successfully in the Court of Appeals, was post conviction compliance with KRS 440.330. It was not an issue, never was, and never could have been included in the issues litigated in the trial court and subject to appeal.

■ But this comedy of errors does not stop here. We have examined the post-appeal record which is still in the possession of the Jefferson Circuit Court. Twelve days following rendition of the Court of Appeals' opinion, while its decision was still subject of further appellate review, presumably in response to that opinion, the trial court entered an order purporting to dismiss "the $10,000 fine and enhanced conviction." This order was, of course, in violation of the general rule that the trial court loses jurisdiction over matters that have been appealed until the finality date of the appellate decision. *Johnson Bonding Co. v. Ashcraft,* Ky., 483 S.W.2d 118 (1972); *Hertel v. Edwards,* 201 Ky. 456, 257 S.W. 36 (1924).

Appellee's counsel has referred us to *Workman v. Commonwealth,* Ky., 580 S.W.2d 206 (1979) and *Johnson v. Commonwealth,* Ky., 609 S.W.2d 360 (1980), which hold that the Commonwealth, including a trial judge, is bound to carry out an agreement that it makes with a defendant regarding the manner of his trial. Counsel urges this principle as authority to support the trial court's unauthorized post-judgment order of dismissal. This order was not an agreement, nor was it entered pursuant to any type of agreement of record. Even were we to assume otherwise, until such time as finality attaches to this appeal, any such action was beyond the authority of the circuit court.

■ The circuit court record indicates that the Commonwealth had a pending motion, which has never been acted upon, for a hearing to determine guidelines for payment of the fine. It may be that this motion generated confusion over whether the fine was still viable. Further, the record suggests that the Attorney General's office and the Commonwealth Attorney's office in Jefferson County may well have shared in the confusion. At least it appears that there was little, if any, effort made by the prosecutorial authorities to resist when the trial court was urged to dismiss this conviction. Nevertheless, the trial court had no jurisdiction over the final disposition of this case at the time when the order of dismissal was entered, so its order of dismissal was a nullity. Therefore, our decision to reverse the Court of Appeals and to affirm so much of the judgment of the trial court as convicts Hayes of the offense of trafficking in a controlled substance and sentences Hayes to pay a fine of $10,000 is *not* moot. That portion of the judgment is still viable.

That portion of the judgment appealed from convicting the appellee of trafficking in a controlled substance and sentencing him to a fine of $10,000 is affirmed. The decision of the Court of Appeals to the contrary is reversed. The within action is remanded to the circuit court for further proceedings consistent with this opinion.

STEPHENS, C.J., and GANT, LAMBERT and LEIBSON, JJ., concur.

STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur in results only.