**Orta Wayne DAVIS, Appellant,**

v.

**Calvin N. MANIS, Judge, Perry Circuit Court, Appellee.**

No. 91–SC–089–MR.

Supreme Court of Kentucky.

July 3, 1991.

As Modified on Grant of Rehearing Aug. 29, 1991.

Debra A. Catron, Hazard, for appellant.

Calvin N. Manis, Judge, Perry Circuit Court, Alva A. Hollon, Jr., Commonwealth Atty., Hazard, for appellee.

## OPINION OF THE COURT AND ORDER GRANTING WRIT OF PROHIBITION

This matter of right appeal is from the Court of Appeals denial of appellant's petition for writ of prohibition. In the court below, appellant sought to prohibit the trial court from retrying that portion of the indictment which accused appellant of being a persistent felony offender.

In *Commonwealth v. Hayes*, Ky., 734 S.W.2d 467 (1987), this Court held that a defendant could not be convicted as a persistent felony offender unless a term of imprisonment was imposed as punishment for the underlying charge. KRS 532.-080(1). In the case at bar, appellant was charged with possession of cocaine and the jury returned a verdict imposing a fine of $1,000 but no term of incarceration whatsoever. The jury went further, however, and found appellant guilty as a persistent felony offender and imposed punishment of ten years incarceration. The trial court, viewing these verdicts as inconsistent, ordered the persistent felony offender conviction vacated and that portion of the case retried.

Inasmuch as the verdict on the underlying charge has not been challenged, any punishment on the persistent felony offender charge would be without the necessary term of imprisonment on the underlying charge to support it. Therefore, any judgment entered on the persistent felony offender charge would be erroneous.

From the record it appears that appellant is presently incarcerated, but the record does not disclose the reason therefor. If the incarceration is based upon the persistent felony offender conviction or if appellant is being held in anticipation of retrial upon the persistent felony offender charge, then his detention is unlawful. If he is being held for failure to pay the fine assessed against him, a hearing would be required pursuant to *Commonwealth v. Hayes, supra.* See KRS 534.060.

The order of the Court of Appeals is reversed and the petition for writ of prohibition is granted. The trial judge, Honorable Calvin N. Manis, is hereby prohibited from trying appellant on Count II of the indictment returned herein charging appellant with being a persistent felony offender. This cause is remanded to the trial court to conduct a hearing, if necessary, as to whether appellant should be detained for non-payment of his fine or to determine whether appellant may be lawfully detained as a result of other pending charges or convictions.

As a final note, this Court is dismayed by the failure of the Commonwealth's Attorney, who represented the respondent, to respond to this proceeding in any manner. The interest of justice is ill-served when duly constituted officers of the Commonwealth of Kentucky fail to protect the interest of the Commonwealth in serious criminal matters.

STEPHENS, C.J., and COMBS, LAMBERT, LEIBSON, REYNOLDS and SPAIN, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion.

ENTERED: July 3, 1991.

/s/ Robert F. Stephens
Chief Justice

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the opinion and order which grants the writ of prohibition in this case.

The record before this Court is totally inadequate and makes it almost impossible to reach any reasoned decision. Neither the respondent circuit judge nor the Commonwealth on his behalf has responded in any way.

From the material available, it would appear that there is an adequate remedy available by means of appeal. A writ of prohibition is an extraordinary remedy and not a substitute for the appellate process. A writ of prohibition need not be granted when there is an adequate remedy at law.