Jerry E. HULETT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 91–CA–001160–MR.

Court of Appeals of Kentucky.

June 5, 1992.

Elizabeth Ann Hill, Fayette County Legal Aid, Lexington, for appellant.

Chris Gorman, Atty. Gen. and Kent T. Young, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, HUDDLESTON and MILLER, JJ.

HUDDLESTON, Judge.

This is an appeal by Jerry Hulett stemming from his conviction in Fayette Circuit Court for trafficking in cocaine and for persistent felony offender, first degree. Because we believe the plea agreement and waivers leading to Hulett's incarceration were in no way infirm, we affirm the trial court's judgment and sentence.

Hulett was arrested as the result of an undercover drug operation. His cocaine trafficking charge under KRS 218A.140 constituted a Class C felony pursuant to KRS 218A.990. The persistent felony offender charge derived from KRS 532.080.

During his jury trial Hulett chose to take the stand; he testified that he had been convicted of at least one previous felony. After hearing the evidence, the jury returned a verdict of guilty to trafficking in cocaine. Rather than go through the separate proceeding on the PFO charge described in KRS 532.080(1),[1] Hulett reached an agreement with the Commonwealth whereby he would plead guilty to the PFO charge in exchange for the minimum sentence allowed by statute—ten years—being fixed as the penalty for the offense. Hulett thereupon moved for permission to enter a plea of guilty to PFO, first degree. Without formally fixing a sentence on the underlying cocaine trafficking conviction, the court sustained the motion. Hulett filed a "Waiver of Further Proceedings with Petition to Enter a Plea of Guilty;" but the waiver does not appear in the record on appeal.

With the ten-year sentence agreement in place, Hulett waived sentencing by the jury and agreed that the court could fix his sentence. Hulett was also allowed by the court to waive his right to a presentence investigation report. Sentence was fixed at ten years. Hulett now appeals the propriety of the decisions he made which led to this sentence, and the propriety of various procedural mechanisms.

Hulett contends that the trial court committed reversible error in its failure to "fix" a sentence on the underlying cocaine

---

1. KRS 532.080(1) provides, in relevant part, that: "When a defendant is charged with being a persistent felony offender, the determination of whether or not he is such an offender and the punishment to be imposed pursuant to subsection (5) or (6) of this section shall be determined in a separate proceeding from that proceeding which resulted in his last conviction. Such proceeding shall be conducted before the court sitting with the jury that found the defendant guilty of his most recent offense unless the court for good cause discharges that jury and impanels a new jury for that purpose."

trafficking conviction as a prerequisite to the persistent felony offender plea agreement and sentence. KRS 532.080(1) requires that:

> When a defendant is found to be a persistent felony offender, the jury, in lieu of the sentence of imprisonment assessed under KRS 532.060 for the crime of which such person presently stands convicted, shall fix a sentence of imprisonment as authorized by subsection (5) or (6) of this section. * * *

The trial court had just presided over Hulett's jury trial on the underlying charge when it received Hulett's plea of guilty to being a persistent felony offender together with the Commonwealth's sentencing recommendation. The plea agreement between Hulett and the Commonwealth necessarily presupposed a sentence assessed on the underlying cocaine trafficking conviction as described in KRS 532.060. And the court necessarily contemplated this sentence assessment as the predicate for its acceptance of Hulett's plea. Hulett agreed to the minimum sentence allowed under KRS 532.080(6)(b) for a first-degree persistent felony offender convicted of a Class C felony—ten years. In so doing he eliminated the possibility that the PFO sentencing proceeding could result in a higher sentence. Consequently, Hulett suffered no harm as a result of the acceptance of his plea agreement; indeed, the agreement worked to Hulett's benefit by eliminating the possibility of a significantly greater sentence.

■ Hulett's argument to this Court is essentially directed at the failure of the trial court to expressly assess a sentence on the underlying cocaine trafficking conviction. While as a *pro forma* matter this kind of explicit exactitude may be the better practice, in Hulett's case the failure of the court to memorialize the necessary predicate of its actions worked no harm.

The present case, furthermore, is distinguished from *Davis v. Manis*, Ky., 812 S.W.2d 505 (1991) and *Commonwealth v. Hayes*, Ky., 734 S.W.2d 467 (1987). Those cases hold that a defendant cannot be convicted as a persistent felony offender unless a term of imprisonment is imposed as the punishment on the underlying charge. *Davis* at 506; *Hayes* at 469. Both cases, however, involve situations in which a defendant found guilty of trafficking in a controlled substance on the underlying charge received a *fine*, rather than a prison sentence. KRS 218A.990(1) provides:

> Any person who knowingly and unlawfully traffics in or transfers a controlled substance classified in schedules I or II which is a narcotic drug or which is included in KRS 218A.070(1)(d) shall, for the first offense, be confined in the penitentiary for not less than five (5) years nor more than ten (10) years or be fined not less than five thousand dollars ($5,000) nor more than ten thousand dollars ($10,000), or both....

Since the defendants in *Davis* and *Hayes* received fines rather than imprisonment on their underlying convictions, the Supreme Court properly held that no predicate existed for the imposition of a persistent felony offender sentence. There is, however, no indication in this case that a fine in lieu of a prison sentence was even considered as the penalty for the underlying charge, let alone imposed. The court in fact observed that the defendant was unable to pay a fine, pursuant to KRS 534.030(2)(a),[2] leaving imprisonment as the necessarily available penalty. Thus, Hulett's situation fundamentally differs from the scenarios found in *Davis* and *Hayes*.

■ Hulett contends that the trial court committed reversible error by failing to take a proper guilty plea to the PFO count. He bases this contention on the fact that the "Waiver of Further Proceedings with Petition to Enter a Plea of Guilty" does not appear of record, and on his belief that "the record is silent as to whether [he] entered a knowing and voluntary plea."

Citing the United States Supreme Court case of *Boykin v. Alabama*, 395 U.S. 238,

---

**2.** KRS 534.030(2)(a) provides: "In determining the amount and method of paying a fine for commission of a felony, the court shall consider, among others, the following factors: (a) the defendant's ability to pay the amount of the fine...."

89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Sixth Circuit in *Dunn v. Simmons*, 877 F.2d 1275, 1277 (6th Cir.1989) noted that:

[F]or purposes of establishing that when a state court defendant entered a guilty plea he also waived federal constitutional rights to trial by jury and to confront one's accusers and the privilege against compulsory self-incrimination, the state is required to prove that the plea was intelligent and voluntary. "We cannot presume a waiver of these three important federal rights from a silent record." *Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712.

Utilizing this standard in addressing a Kentucky case, the *Dunn* court granted petition for a writ of *habeas corpus* for a defendant who testified under oath that he had not made a voluntary and intelligent waiver of his federal constitutional rights in a prior proceeding. *Dunn* at 1278–1279.

Addressing *Dunn*, the Kentucky Supreme Court stated its belief that the court would not have granted the writ "if the situation had been ... that the defendant did not positively assert under oath the denial of his constitutional rights." *Conklin v. Commonwealth*, Ky., 799 S.W.2d 582, 583 (1990). With reference to the United States Supreme Court's *Boykin* standard, the *Conklin* Court further noted:

*Boykin* ... did not hold that a defendant who fully understood his constitutional rights before the entry of a plea of guilty is entitled to have his judgment vacated solely because the record fails to show that the proper colloquy occurred. The reason for invalidating a judgment pursuant to *Boykin* is that the defendant did not knowingly and voluntarily enter a plea of guilty. The fact that the record is silent is not a reason to invalidate the judgment; it is merely a reason why the Commonwealth cannot affirmatively establish the knowing and voluntary nature of the plea.

A judgment of conviction is entitled to some presumption of regularity. Even though the validity of the judgment may not be presumed if properly challenged, the regularity of the judgment should be presumed at least until there is some evidence that it is invalid. * * * A defendant is not entitled to have a conviction suppressed simply because the record is silent on *Boykin* matters when neither he nor anyone else has testified under oath that the *Boykin* requirements were not explained to him and that he did not understand his constitutional rights before the entry of the plea. * * *

In effect, [the defendant contends] that even if his rights were explained to him in the former proceeding, and that he did, in fact, understand them, the conviction must be invalidated nevertheless because the record fails to show what actually occurred. If [defendant] had testified that the judge in the former trial accepted his plea without explaining his rights or that he did not understand his Constitutional rights, then under *Dunn v. Commonwealth* [703 S.W.2d 874 (Ky.1985) ].... the Commonwealth would have the burden of proof that the judgment was entered in a manner which fully protected his constitutional rights. A silent record would not suffice.

Since the [defendant] offered no such attack upon the prior conviction after the judgment was introduced, there was no error in failing to suppress it. *Id.* at 584.

Nowhere in his appeal does Hulett intimate that he did not understand his constitutional rights: he does not contend that he failed to understand his waiver statement and plea agreement, only that the document does not appear of record; nor does he contend that he failed to enter a knowing and voluntary plea, only that the record is substantially silent regarding this matter. Under the authority of *Conklin v. Commonwealth*, we do not believe that Hulett has successfully raised the issue of an improper guilty plea. The agreement he entered with the Commonwealth, removing the possibility of a potential twenty-year sentence under KRS 532.080(6)(b), certainly bespeaks a knowing assertion of his right to waive constitutional rights. Hulett was present in the courtroom while the trial judge explained that jury sentencing on the PFO would not be necessary due to his plea; he replied in the affirmative when asked by the judge if he in fact desired to

accept the ten-year sentence; he had testified at trial that he had previously been convicted of at least one felony, indicating an accession to his PFO status. *In toto,* these factors indicate knowing and voluntary action on Hulett's part.

We further note that not all constitutional errors must be deemed harmful if they do not effect a substantial injustice. *Chapman v. California,* 386 U.S. 18, 22–24, 87 S.Ct. 824, 827–828, 17 L.Ed.2d 705, 709–711 (1967). Even if constitutional error were present in Hulett's case, we see no injustice in his agreement to accept the minimum sentence for his offense.

█ Hulett also contends that the trial court "committed reversible error when it sentenced [him] without a presentence investigation report." A presentence investigation report, according to KRS 532.050(2), contains "an analysis of the defendant's history of delinquency or criminality, physical and mental condition, family situation and background, economic status, education, occupation, personal habits, and any other matters that the court directs to be included," and serves the court as a tool in addressing probation and conditional discharge issues. These issues are irrelevant in Hulett's case, however, since KRS 532.-080(7) provides that:

> A person who is found to be a persistent felony offender in the first degree shall not be eligible for probation, shock probation, or conditional discharge, nor for parole until having served a minimum term of incarceration of not less than ten (10) years.

According to RCr 11.02(1), effective September 1, 1981, a "defendant may waive the presentence investigation report." KRS 532.050(1), effective July 13, 1990, states that "The presentence investigation report shall not be waived." The Supreme Court in 1987 held that the separation-of-powers doctrine of Kentucky's Constitution prohibits "a legislative attempt to invade the rule making prerogative of the Supreme Court by legislatively prescribing

rules of practice and procedure...." *Commonwealth v. Reneer,* Ky., 734 S.W.2d 794, 796 (1987).

The tension between the authorities cited above is quite evident. In the present case, however, the trial court committed no reversible error in choosing to allow Hulett, pursuant to RCr 11.02, to voluntarily waive the presentence investigation report. CR 61.01, addressing harmless error, provides that:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

RCr 13.04 makes the Rules of Civil Procedure applicable to criminal proceedings.[3] Given that Hulett's acceptance of the ten-year PFO sentence rendered the issues of probation and conditional discharge moot, and that Hulett agreed to the PFO sentence to avoid the possibility of a higher sentence in the upcoming sentencing proceeding, any error that the court committed in allowing Hulett to waive the presentence investigation report was harmless.

The judgment is affirmed.

All concur.

---

**3.** RCr 13.04 provides that "The Rules of Civil Procedure shall be applicable in criminal proceedings to the extent not superseded by or

inconsistent with these Rules of Criminal Procedure."