**COMMONWEALTH of Kentucky, Appellant,**

v.

**Chester PAYTON, Appellee.**

**No. 96–SC–210–DG.**

Supreme Court of Kentucky.

May 22, 1997.

A.B. Chandler, II, Attorney General, Todd D. Ferguson, Assistant Attorney General, Criminal Appellate Division, Frankfort, for appellant.

Paul J. Neel, Jr., Appellate Public Advocate, Louisville, for appellee.

STUMBO, Justice.

This is an appeal by the Commonwealth from a decision of the Court of Appeals granting Chester Payton relief under RCr 11.42. Payton was convicted of trafficking in marijuana within 1000 yards of a school building and of being a first-degree persistent felony offender. The minimum enhanced sentence of ten years was imposed, pursuant to the jury's verdict. On direct appeal, the conviction was affirmed by the Court of Appeals and this Court denied discretionary review.

The sole issue before this Court is whether trial counsel was ineffective in failing to object to the sentencing procedure used in the lower court. Following the verdict of guilt on the trafficking charge, the trial court held a combined PFO penalty phase. Under the instructions given, the jury could have found Payton guilty of being a persistent felony offender and fixed his punishment only on that charge, and if not, they could have fixed his sentence on only the trafficking charge. Therefore, no sentence was fixed at all as to the trafficking charge alone, in violation of this Court's holding in *Commonwealth v. Hayes*, 734 S.W.2d 467, 469 (1987). *See also, Davis v. Manis*, Ky., 812 S.W.2d 505, 506 (1991).

Trial counsel did not object to the instructions used, nor was the alleged error raised on direct appeal. At the evidentiary hearing on Payton's RCr 11.42, Payton, his mother, his brother, and his trial counsel testified. The trial court found that counsel conferred with Payton on the possibility that a new trial on penalty could be obtained, but that Payton could face an enhanced sentence as high as 20 years. The trial court stated "that this matter was discussed fully with the defendant and that the defendant made a conscious decision that the issue not be included in the appeal because it was explained that the possibility existed that, if he were successful on that issue the court would or-

der a new trial only as it pertained to the sentencing stage."

The Court of Appeals vacated and remanded, expressing "serious misgivings concerning the propriety of Payton's ten-year sentence." Finding that there was a reasonable likelihood that, properly instructed, the jury would have imposed a fine instead of a prison term for the trafficking conviction, as permitted by then-applicable KRS 218A.990(16), the court believed the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), had been met.

While it is clear there was an error in the penalty procedure and the instructions given were improper, we find, as did the trial court, that Payton was aware of this at the time of the direct appeal and, after discussion with trial counsel, knowingly waived his right to pursue it. Trial counsel testified that he not only discussed the issue with his client, but sought advice from the late Frank Haddad on the instructions given and that, after due consideration, Payton decided not to risk the possibility of an even greater sentence should a new penalty phase be ordered. The trial court's findings on this issue are not clearly erroneous and therefore, should not have been set aside by the Court of Appeals. *Lynch v. Commonwealth*, Ky.App., 610 S.W.2d 902 (1980).

For the foregoing reasons the opinion of the Court of Appeals is hereby reversed and the order of the Carroll Circuit Court is reinstated.

STEPHENS, C.J., and GRAVES, JOHNSTONE, LAMBERT and WINTERHEIMER, JJ., concur.

COOPER, J., concurs by separate opinion.

COOPER, Justice, concurring.

Although I agree with the majority that Appellee is not entitled to RCr 11.42 relief in this case, I write separately to explain my views with respect to the instructions given during the penalty phase of the trial.

Neither *Commonwealth v. Hayes*, Ky., 734 S.W.2d 467 (1987) nor *Davis v. Manis*, Ky., 812 S.W.2d 505, 506 (1991) hold that the sentencing jury must reach two separate verdicts in their deliberations during the combined truth-in-sentencing/persistent felony offender penalty phase mandated by KRS 532.055(3). Those cases hold only that if the jury imposes a fine for the underlying offense, there can be no PFO enhancement. Here, the trial judge instructed the jury to impose a sentence of not less than ten nor more than twenty years if they found Appellee guilty of PFO, and, if not, to impose a sentence for the underlying offense of not less than one nor more than five years, or a fine of not less than $3,000 nor more than $5,000, or both.

Absent the alternative penalty of a fine authorized by former KRS 218A.990(16) (repealed 1992 Ky. Acts, ch. 441, § 30), there would have been no error in these instructions. *Montgomery v. Commonwealth*, Ky., 819 S.W.2d 713, 721 (1991). KRS 532.080(1) specifically states that the jury shall impose the PFO sentence "in lieu of the sentence of imprisonment assessed under KRS 532.060...." It seems incongruous to require the jury to reach two separate verdicts in one deliberation when the statute clearly contemplates only one verdict depending upon whether the defendant is found guilty or not guilty of PFO. However, I agree that such was required here, where a fine was authorized as an alternative sentence to imprisonment. Since virtually all felony penalty statutes have now been amended to conform to the penal code, this issue is unlikely to arise again.