RENDERED:  JUNE 11, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0565-MR

ROBERT MARKHAM TAYLOR                          APPELLANT


|  | APPEAL FROM FAYETTE CIRCUIT COURT |
|---|---|
| v. | HONORABLE THOMAS L. TRAVIS, JUDGE |
|  | ACTION NO. 14-CR-00184-002 |


COMMONWEALTH OF KENTUCKY                  APPELLEE


AND                  NO. 2019-CA-0810-MR

ROBERT MARKHAM TAYLOR                          APPELLANT


|  | APPEAL FROM FAYETTE CIRCUIT COURT |
|---|---|
| v. | HONORABLE THOMAS L. TRAVIS, JUDGE |
|  | ACTION NO. 14-CR-00184-002 |


COMMONWEALTH OF KENTUCKY                  APPELLEE

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE:  DIXON, KRAMER, AND McNEILL, JUDGES

McNEILL, JUDGE:  Appellant, Robert Markham Taylor ("Taylor"), *pro se*, appeals the orders of the Fayette Circuit Court denying his Kentucky Rule of Criminal Procedure (RCr) 11.42 motion without an evidentiary hearing and denying his motion for a new trial under Kentucky Rule of Civil Procedure (CR) 60.02, entered on April 22, 2019.  Following a careful review of the record and the law, we affirm.

## I.    BACKGROUND

Taylor was convicted upon a jury verdict of murder, kidnapping, and tampering with physical evidence.  He was sentenced to a total of forty-nine years' imprisonment by the Fayette Circuit Court.  The Kentucky Supreme Court affirmed Taylor's convictions on direct appeal.  *Taylor v. Commonwealth*, No. 2016-SC-000410-MR, 2017 WL 5034477 (Ky. Nov. 2, 2017).  On August 31, 2018, Taylor filed separate motions under RCr 11.42 and CR 60.02.  The Fayette Circuit Court denied both motions by separate orders entered on April 22, 2019.  Taylor appealed both orders, and the two cases were consolidated by this Court's order of August 5, 2020.

## II.    STANDARD OF REVIEW

On an appeal from an order denying an RCr 11.42 motion without an evidentiary hearing, "[o]ur review is confined to whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967). Therefore, a hearing is only required if an RCr 11.42 motion raises an issue that cannot be determined on the face of the record. RCr 11.42(5); *Fraser v. Commonwealth*, 59 S.W.3d 448, 455 (Ky. 2001). A trial court's findings will not be disturbed absent a finding of clear error. *Commonwealth v. Payton*, 945 S.W.2d 424, 425 (Ky. 1997).

## III.    ANALYSIS

### A.    RCr 11.42 Motion

Taylor raises seven issues on appeal of the circuit court's denial of his RCr 11.42 motion: five relating to claims of ineffective assistance of counsel, one relating to prosecutorial misconduct, and one relating to the circuit court's denial of an evidentiary hearing.

In order to obtain relief under RCr 11.42 based on ineffective assistance of counsel, an appellant must establish both the "performance" and "prejudice" prongs provided in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct.

2052, 80 L. Ed. 2d 674 (1984). The "performance" prong requires an appellant to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment, or that counsel's representation fell below an objective standard of reasonableness." *Parrish v. Commonwealth*, 272 S.W.3d 161, 168 (Ky. 2008) (internal quotation marks and citations omitted). The "prejudice" prong requires the appellant to prove that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

"When faced with an ineffective assistance of counsel claim in an RCr 11.42 appeal, a reviewing court first presumes that counsel's performance was reasonable." *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016). "[T]he trial court's factual findings and determinations of witness credibility are granted deference by the reviewing court." *Id.* We apply a *de novo* standard when reviewing counsel's performance under the *Strickland* test. *Id.* (citing *Commonwealth v. Bussell*, 226 S.W.3d 96, 103 (Ky. 2007)).

In Taylor's first argument under RCr 11.42, he contends that his trial counsel was ineffective for her failure to object, and his appellate counsel was ineffective for her failure to argue, that the jury instructions violated the constitutional prohibition against double jeopardy. Taylor argues that because the

kidnapping and murder charges arose from the same incident, he was convicted twice for the same conduct.

The constitutional prohibition against double jeopardy is codified by Kentucky Revised Statutes (KRS) 505.020(1).

> (1)  When a single course of conduct of a defendant may establish the commission of more than one (1) offense, he may be prosecuted for each such offense. He may not, however, be convicted of more than one (1) offense when:
>
> . . . .
>
> > (b)  Inconsistent findings of fact are required to establish the commission of the offenses; or
> >
> > (c)  The offense is designed to prohibit a continuing course of conduct and the defendant's course of conduct was uninterrupted by legal process, unless the law expressly provides that specific periods of such conduct constitute separate offenses.

As explained by the Kentucky Supreme Court, "for multiple convictions to be proper there must have been a cognizable lapse in [the defendant's] course of conduct during which the defendant could have reflected upon his conduct, [even] if only momentarily, and formed the intent to commit additional acts." *Kiper v. Commonwealth*, 399 S.W.3d 736, 745 (Ky. 2012) (citing *Welborn v. Commonwealth*, 157 S.W.3d 608, 612 (Ky. 2005)).

In this case, the jury found that Taylor placed the victim in a chokehold from behind and began beating him in the back seat of a car while the car was moving. Taylor later got out of the vehicle and began punching the victim again, ultimately resulting in the victim's death. Thus, there were two separate instances of Taylor hitting the victim that were believed by the jury: (1) once with the intent to inflict bodily injury and (2) once with the intent of causing the death of the victim. Accordingly, there was a "cognizable lapse" in Taylor's conduct such that double jeopardy did not apply, and Taylor's counsel cannot be found ineffective under this claim. *Id.*

Second, Taylor alleges that his trial counsel was ineffective for her failure to object, and his appellate counsel was ineffective for her failure to argue, that the jury instructions regarding kidnapping lacked sufficient evidentiary support. We note that "[i]nsufficient evidence is not a proper ground for RCr 11.42 relief." *Bartley v. Commonwealth*, 463 S.W.2d 321, 322 (Ky. 1971). Accordingly, this argument is not properly before this Court, and we decline to address it herein.[1]

---

[1] Likewise, Taylor made the argument on direct appeal that the kidnapping exemption under KRS 509.050 did not apply, and thus the circuit court erred in providing an instruction on kidnapping to the jury. That conviction—and the related jury instruction—was affirmed by the Kentucky Supreme Court in *Taylor*, No. 2017 WL 5034477, and we decline to address the issue further.

Third, Taylor contends that his trial counsel was ineffective for her failure to object, and his appellate counsel was ineffective for her failure to argue, that the jury instructions were worded such that the jury could reach a verdict as to kidnapping that was not unanimous. The kidnapping instruction read as follows:

> You will find Defendant Robert Markham Taylor guilty of Kidnapping under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:
>
> (A) That in Fayette County on or about December 20, 2013, and before the finding of the Indictment herein, the Defendant restrained [the victim] by striking him;
>
> (B) The restraint was without the consent of [the victim];
>
> (C) That in so restraining [the victim] it was the Defendant's intention to inflict bodily injury on [the victim]; and
>
> (D) [The victim] was not released alive.

Record (R.) Vol. III, p. 377.[2] We agree with the circuit court that this instruction required the jury to find that Taylor restrained the victim by striking him and permitted no alternate theories of kidnapping. Thus, Taylor's counsel was not ineffective under this claim.

---

[2] The jury instructions defined the term "restrain" as: "Means to restrict another person's movements in such a manner as to cause a substantial interference with his liberty by moving him from one place to another or by confining him either in the place where the restriction commences or any place to which he has been moved without consent. A person is moved or confined 'without consent' when the movement or confinement is accomplished by physical force, intimidation or deception[.]" R. Vol. III, p. 371.

Next, Taylor argues that his trial counsel was ineffective for her failure to investigate potential exculpatory witnesses James Gayheart and David Jones. Under *Strickland*, 466 U.S. 668, counsel has an affirmative duty to make a reasonable investigation of mitigating evidence or to make a reasonable decision that an investigation is not necessary. *Hodge v. Commonwealth*, 68 S.W.3d 338, 344 (Ky. 2001) (citations omitted). In evaluating whether counsel discharged this duty, Kentucky has adopted a three-part analysis:

> First, it must be determined whether a *reasonable investigation* should have uncovered such mitigating evidence. If so, then a determination must be made whether the failure to put this evidence before the jury was a *tactical choice* by trial counsel. If so, such a choice must be given a strong presumption of correctness, and the inquiry is generally at an end. If the choice was not tactical and the performance was deficient, then it must be determined whether there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different.

*Id*. (citation omitted).

Gayheart was an alleged witness to the incident who called 911 to report what he observed. Taylor contends that Gayheart would have testified that he witnessed Timothy Ballard striking the victim through the open door of the car, rather than Taylor pulling the victim into the backseat as Ballard indicated in his

trial testimony.[3] Although Gayheart was apparently the target of a subpoena by the Commonwealth to testify at trial, he did not testify, allegedly because officers could not locate him to serve the subpoena. In fact, the Commonwealth advised the circuit court that police believed Gayheart was homeless at the time of the trial.

A recording of Gayheart's 911 call was played at trial. On the 911 call, Gayheart revealed the same exculpatory information that Taylor contends he would have provided under oath if he had testified at trial. Taylor provides no evidence to suggest that a reasonable investigation into Gayheart by his trial counsel would have uncovered further mitigating evidence in his favor. Further, we agree with the circuit court that it was not unreasonable for Taylor's counsel not to subpoena Gayheart to appear at trial. It is improbable that a subpoena procured by Taylor's counsel would have made Gayheart any more likely to appear at trial, as the Commonwealth was unable to serve Gayheart due to his alleged homelessness. We believe the decision not to subpoena Gayheart was a reasonable tactical decision which must be given a strong presumption of correctness. *Hodge*, 68 S.W.3d at 344.

As for David Jones, Taylor believes he would have testified that Ballard bragged to him that he killed the victim while the two were inmates

---

[3] Ballard testified for the Commonwealth. Ballard plead guilty to kidnapping and tampering with physical evidence and was sentenced to twenty-five years' imprisonment.

together at the Fayette County Detention Center (FCDC).  According to Taylor, his trial counsel attempted to interview Jones at FCDC, but incidentally interviewed Jones' son instead.[4]  The circuit court found that Taylor's counsel was not unreasonable in failing to interview Jones.  We agree.  Although Jones was not interviewed and did not testify, Taylor's trial counsel called two other inmates from FCDC to testify that Ballard told them he was the one that killed the victim and that he was blaming it on Taylor.  "The mere fact that other witnesses might have been available or that other testimony might have been elicited from those who testified is not a sufficient ground to prove ineffectiveness of counsel." *Hodge v. Commonwealth*, 116 S.W.3d 463, 470 (Ky. 2003), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009).  The decision of Taylor's trial counsel to further investigate the potential testimony of Jones was a reasonable tactical choice that should be presumed correct.  *Hodge*, 68 S.W.3d at 344.

Additionally, Taylor argues that his trial counsel was ineffective in failing to investigate exculpatory evidence concerning the timeline of events on the night of the incident.  Specifically, he contends that Ballard's trial testimony that he and Taylor stole items from the victim's apartment minutes after killing him was impossible based on the amount of time it would have taken.  However, the

---

[4] David Jones' son is apparently also named David Jones.

evidence at trial showed that there was sufficient time for Taylor and Ballard to travel from Taylor's garage to the victim's apartment and back in the time argued by the Commonwealth.[5]  Moreover, Taylor's counsel cross-examined Ballard regarding his testimony.  We agree with the circuit court that Taylor's counsel was not ineffective simply because the jury did not believe Taylor's version of the events.  *See Bratcher v. Commonwealth*, 406 S.W.3d 865, 880 (Ky. App. 2012).  Thus, we conclude that Taylor's trial counsel acted reasonably with respect to her investigation of exculpatory evidence.

Sixth, Taylor alleges prosecutorial misconduct, claiming the Commonwealth's Attorney knowingly elicited false testimony from Ballard at trial.  It is a well-established principle of law that this Court, in reviewing the circuit court's denial of an RCr 11.42 motion, will not address an issue which could have been raised by direct appeal.  *Thacker v. Commonwealth*, 476 S.W.2d 838, 839 (Ky. 1972) ("It is not the purpose of RCr 11.42 to permit a convicted defendant to retry issues which could and should have been raised in the original proceeding, nor those that were raised in the circuit court and upon an appeal considered by this court.").  The issue of prosecutorial misconduct could have and

---

[5] Video surveillance footage was admitted at trial showing Taylor and Ballard leaving Taylor's garage at 10:47 p.m. and returning to the garage at 11:23 p.m.  The jury found that there was enough time for Taylor and Ballard to travel less than two miles from Taylor's garage to the victim's apartment, steal various items, and return to Taylor's garage.

should have been addressed on direct appeal. Thus, it is an inappropriate subject of an RCr 11.42 motion and not properly before the Court. *See Brown v. Commonwealth*, 788 S.W.2d 500, 501 (Ky. 1990); *see also Bowling v. Commonwealth*, 80 S.W.3d 405, 416 (Ky. 2002).

Finally, Taylor argues that the circuit court improperly denied him an evidentiary hearing. *Fraser*, 59 S.W.3d 448. However, the circuit court did not err in denying a hearing because there were no material issues of fact that could not be "conclusively proved or disproved, by an examination of the record." *Id*. at 455.

## B.      CR 60.02 Motion

"We review the denial of a CR 60.02 motion under an abuse of discretion standard." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id*. (citation omitted). "Therefore, we will affirm the lower court's decision unless there is a showing of some 'flagrant miscarriage of justice.'" *Id*. (citation omitted).

In support of his CR 60.02 motion, Taylor relied on the affidavits of Ballard, Amy Roberts, David Jones, and Brandon Roberts. Taylor argues a new trial is warranted because the affidavits amount to newly discovered evidence and evidence of perjury or falsified evidence. CR 60.02 provides in relevant part:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: . . . (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; . . . or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken.

Initially, we must note that Taylor filed his original CR 60.02 motion under subsections (b), (c), and (f). The circuit court addressed Taylor's motion on the merits and found that Taylor's argument for a new trial failed. However, because the basis of Taylor's motion was alleged "newly discovered evidence" and evidence of "perjury or falsified testimony," the circuit court should have undertaken a second analysis on the timeliness of Taylor's motion.

Although we ultimately agree with the circuit court that Taylor's CR 60.02 motion fails on the merits, "we may affirm a trial court's ruling despite the fact that it reached the correct result for the wrong reason." *Stoker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky. App. 2009) (citing *Hodge*, 116 S.W.3d at 470). The circuit court entered a judgment of conviction in Taylor's case on July 26, 2016. The substance of Taylor's CR 60.02 motion was entirely focused on grounds outlined in CR 60.02 (b) and (c). Thus, Taylor's motion was untimely

when it was filed on August 31, 2018, more than one year after the judgment was entered.

If a claim is time-barred under the Civil Rules, the movant may still seek relief under CR 60.02(f). *Foley*, 425 S.W.3d at 885. However, that subsection "can apply only if none of that rule's specific provisions [apply]." *Alliant Hosps., Inc. v. Benham*, 105 S.W.3d 473, 478 (Ky. App. 2003) (citing *Commonwealth v. Spaulding*, 991 S.W.2d 651 (Ky. 1999)). In this case, Taylor's claims were within two of the specific provisions of CR 60.02, subsections (b) and (c). Accordingly, Taylor was required to move for CR 60.02 relief within one year of judgment and CR 60.02(f) will avail him no relief.

## IV. CONCLUSION

For the foregoing reasons, we affirm the Fayette Circuit Court's order denying Taylor's RCr 11.42 and CR 60.02 motions.

ALL CONCUR.

BRIEF FOR APPELLANT:

Robert Markham Taylor, *pro se*
Sandy Hook, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

E. Bedelle Lucas
Assistant Attorney General
Frankfort, Kentucky