RENDERED:  AUGUST 20, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0473-MR

DEWAYNE DURRETT                                                      APPELLANT

|  | APPEAL FROM JEFFERSON CIRCUIT COURT |
|---|---|
| v. | HONORABLE MARY M. SHAW, JUDGE |
|  | ACTION NO. 12-CR-001507 |

COMMONWEALTH OF KENTUCKY                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  LAMBERT, McNEILL, AND TAYLOR, JUDGES.

LAMBERT, JUDGE:  Dewayne Durrett appeals the order of the Jefferson Circuit

Court denying his motion to vacate his conviction pursuant to Kentucky Rules of

Criminal Procedure (RCr) 11.42 and Kentucky Rules of Civil Procedure (CR)

60.02.  Following a careful review of the record and the law, we affirm.

Durrett was indicted by a Jefferson County grand jury in connection

with an incident in which he shot and killed Dana Maurice Loud outside of a liquor

store in Louisville. Although Durrett claimed he shot Loud in self-defense, the jury found him guilty of murder, tampering with physical evidence, and being a persistent felony offender in the second degree. The jury recommended a prison sentence of 25 years for the murder conviction and five years for the tampering conviction to run consecutively. Durrett also pled guilty to possession of a handgun by a convicted felon and was sentenced to five years' imprisonment to run concurrently with his total sentence. The trial court sentenced Durrett to a total of 30 years' imprisonment in accordance with the jury's recommendations.

Durrett appealed his conviction as a matter of right under Section 110(2)(b) of the Kentucky Constitution. On August 20, 2015, the Kentucky Supreme Court affirmed Durrett's convictions. *See Durrett v. Commonwealth*, No. 2014-SC-000177-MR, 2015 WL 4979723 (Ky. Aug. 20, 2015). On June 19, 2017, Durrett filed his first RCr 11.42 motion alleging ineffective assistance of counsel. The trial court denied that motion by opinion and order entered on November 17, 2017.

On October 28, 2019, Durrett filed his second motion for post-conviction relief, this time pursuant to both RCr 11.42 and CR 60.02. The trial court denied this motion in an opinion and order entered on February 27, 2020, and Durrett now appeals.

We review an order denying an RCr 11.42 motion without an evidentiary hearing for "whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967). A hearing is only required if the motion raises an issue that cannot be determined on the face of the record. RCr 11.42(5); *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001). On appeal, we will not disturb a trial court's findings in the absence of clear error. *Commonwealth v. Payton*, 945 S.W.2d 424, 425 (Ky. 1997).

Before we reach the substance of Durrett's arguments, we must address the procedural issues with his motion. Although the trial court denied Durrett's motion on the merits of the arguments he presented, Durrett's motion was also denied because it was unverified, untimely, and improperly successive.

A motion filed under RCr 11.42 "shall be signed and verified by the movant[.]" RCr 11.42(2). Failure to comply with that section warrants summary dismissal of the motion. *See Bowling v. Commonwealth*, 981 S.W.2d 545, 548 (Ky. 1998). Durrett's signature appears on the motion in multiple places, but the only notarized signature found in the motion is the signature of Lanard Brown that

-3-

was on the affidavit attached to the motion.[1]  Thus, we agree with the trial court that Durrett's motion was insufficiently verified and subject to dismissal under RCr 11.42(2).

Next, the trial court denied Durrett's motion on the ground that it was untimely.  Under RCr 11.42(10), any motion filed under RCr 11.42 "shall be filed within three years after the judgment becomes final[.]"  Durrett appealed his conviction to the Kentucky Supreme Court, which denied relief by opinion and order rendered on August 20, 2015.  Accordingly, we find no error in the trial court's finding that Durrett's second RCr 11.42 motion, which was filed on October 28, 2019, was more than one year beyond the three-year statute of limitations prescribed by RCr 11.42(10).

The trial court also found that Durrett could have reasonably presented all arguments raised in his present RCr 11.42 motion when he filed his first such motion on June 19, 2017.  RCr 11.42(3) provides that a movant "shall state all grounds for holding the sentence invalid of which the movant has knowledge.  Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding."  Similarly, the trial court noted that Durrett's claims under CR 60.02 were not properly before the court

---

[1] At the time he executed his affidavit, Lanard Brown was a fellow inmate of Durrett's at the Roederer Correctional Complex.

because the substance of his claims could have been raised either in his direct appeal or in his previous RCr 11.42 motion. Indeed, CR 60.02 is intended for relief that is not available by either direct appeal or under RCr 11.42. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). In sum, we agree with the trial court that all of the issues Durrett raises with respect to the effectiveness of his trial counsel could have been presented either on direct appeal or in his first RCr 11.42 motion.

Though we need not reach the merits of Durrett's motion in light of our determinations above, we will discuss the substance of his arguments because the trial court denied Durrett's motion on both procedural and substantive grounds.

Durrett based his RCr 11.42 motion on the allegation that he received ineffective assistance of counsel. In *Strickland v. Washington*, the United States Supreme Court promulgated a two-prong test to determine whether a defendant's trial counsel was ineffective. 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The first prong requires a defendant to show that his counsel's performance was deficient. *Id*. at 687, 104 S. Ct. at 2064. To demonstrate deficient performance, Durrett must overcome a strong presumption that his trial counsel's representation fell "within the wide range of reasonable professional assistance[.]" *Id*. at 689, 104 S. Ct. at 2065. The second prong of the *Strickland* test requires a defendant to show that his counsel's deficient performance resulted

-5-

in prejudice to his defense such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Although a defendant must meet both *Strickland* prongs to demonstrate that his trial counsel was ineffective, a trial court need not address both prongs of the analysis if the defendant makes an insufficient showing as to one. *Id*. at 697, 104 S. Ct. at 2069.

Durrett raised multiple arguments in his motion. First, he argued that his trial counsel failed to adequately investigate his defenses, specifically, his theory that he shot Loud in self-defense. In support of his motion, Durrett attached an affidavit executed by Lanard Brown. In his affidavit, Brown stated that he believed Durrett shot Loud in self-defense and that Durrett was not afforded a fair trial because the liquor store's security cameras were not operational at the time of the shooting. The trial court found Brown's affidavit unpersuasive, noting that Brown could not have witnessed the incident in which Durrett shot and killed Loud because Brown was incarcerated at the time of the shooting. We agree with the finding of the trial court that Durrett's counsel was not deficient by failing to present Brown as a witness. In spite of Durrett's contentions that his trial counsel failed to investigate or contact any witnesses to the incident to support his theory of self-defense, no amount of investigation would have uncovered Brown as a

witness, as he simply could not have witnessed the shooting due to his incarceration.

We also affirm the trial court's finding that Durrett failed to demonstrate that his trial counsel was deficient with respect to his investigation of any other potential witnesses. As noted by the trial court in its opinion and order, any potential witnesses other than Brown were not named in Durrett's motion. RCr 11.42(2) specifically provides that a motion "shall state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds." "Conclusory allegations that counsel was ineffective without a statement of the facts upon which those allegations are based do not meet the rule's specificity standard and so warrant a summary dismissal of the motion." *Roach v. Commonwealth*, 384 S.W.3d 131, 140 (Ky. 2012) (internal quotation marks omitted). Accordingly, without proof of the identities of those additional witnesses or what mitigating testimony they may have provided, we cannot say that Durrett's trial counsel was ineffective for failure to pursue additional witnesses.

Durrett next argued that his trial counsel "should [have] requested a lesser charge than murder." In support of this argument, Durrett pointed to a Jefferson Circuit Court case in which a defendant charged with eight counts of complicity to murder pled guilty to manslaughter and was sentenced to eight years'

-7-

imprisonment. The trial court denied Durrett's motion for relief under CR 60.02, noting that no two cases are the same, and comparisons to an unrelated case would not be admissible in a new trial because the outcome in that case is irrelevant to both guilt and penalty in the present case. We find no error in this analysis and affirm the trial court's finding as to this issue.

Additionally, any decipherable argument that Durrett's trial counsel was ineffective by failing to advocate for a lesser charge is refuted by both relevant law and the record. Assuming, *arguendo*, a properly articulated contention that Durrett's trial counsel failed to tender jury instructions that included lesser offenses than murder, it is the duty of the trial judge, not defense counsel, to instruct the jury on the law of the case. *Prescott v. Commonwealth*, 572 S.W.3d 913, 927 (Ky. App. 2019). Even still, the proposed jury instructions proffered by Durrett's trial counsel included the lesser offenses of manslaughter in the second degree and reckless homicide, as well as specific instructions regarding self-defense. Further, the offenses in the jury instructions actually provided to the jury exactly mirrored the offenses listed by Durrett's trial counsel in his proposed jury instructions. Therefore, we find no error in the representation of Durrett's counsel in this regard.

For the foregoing reasons, we affirm the Jefferson Circuit Court's opinion and order denying Durrett's motions under RCr 11.42 and CR 60.02.

ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Dewayne Durrett, *pro se*               Daniel Cameron
LaGrange, Kentucky                      Attorney General of Kentucky

                                        Christopher C. Bailey
                                        Assistant Attorney General
                                        Frankfort, Kentucky