RENDERED:  MAY 26, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1190-MR

ISAIAH TYLER                                                                                APPELLANT

v.
APPEAL FROM HENDERSON CIRCUIT COURT
HONORABLE KAREN LYNN WILSON, JUDGE
ACTION NO. 14-CR-00034-002

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, GOODWINE, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Isaiah Tyler appeals from the Henderson Circuit Court's

denial of his Kentucky Rule of Civil Procedure (CR) 60.02 motion.  We affirm.

In late 2014, a jury found Tyler guilty of complicity to first-degree

robbery and of being a second-degree persistent felony offender (PFO II).  The

jury did not fix a sentence on the complicity charge; instead, it recommended a

sentence of forty years' imprisonment for Tyler being a PFO II.  In early 2015, the

trial court sentenced Tyler to forty years' imprisonment, in accordance with the

jury's recommendation. However, the judgment erroneously states that Tyler was convicted of first-degree robbery, not complicity.

Our Supreme Court affirmed on direct appeal. *Tyler v. Commonwealth*, No. 2015-SC-000064-MR, 2016 WL 3370931 (Ky. Jun. 16, 2016). That opinion correctly noted that Tyler had been convicted of complicity to robbery. *Id.* at *1. Tyler then filed a motion to vacate, set aside, or correct the judgment and sentence pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42 and CR 60.02. That motion did not address alleged errors in the trial court's judgment. The trial court denied the motion; we affirmed. *Tyler v. Commonwealth*, No. 2017-CA-001228-MR, 2019 WL 3990995 (Ky. App. Aug. 23, 2019). Our opinion stated Tyler had been convicted of complicity. *Id.* at *2.

Tyler filed a second CR 60.02 motion in August 2020, which focused on the impact of the COVID-19 pandemic and did not address alleged errors in the judgment. The trial court denied the motion. We dismissed the appeal, at Tyler's request. *Tyler v. Commonwealth*, No. 2021-CA-0642-MR.

Tyler later filed the CR 60.02 motion at hand. The motion argues that Tyler's conviction and sentence are void because of several alleged errors in the judgment of conviction, including listing the wrong crime. Tyler also contends he is entitled to relief because the jury did not fix a sentence for the complicity conviction. The trial court denied the motion without a hearing, holding Tyler

could have raised the arguments previously and the alleged errors did not warrant CR 60.02 relief. Tyler filed what he styled a petition for reconsideration.[1] The trial court denied reconsideration of the result but did provide additional analysis. The court admitted the judgment contained "typographical errors" but held they did not entitle Tyler to CR 60.02 relief. Tyler then filed this appeal.

Tyler seeks relief under CR 60.02(e), which allows relief from a void judgment, and 60.02(f), which allows for a "reason of an extraordinary nature justifying relief." Our Supreme Court has explained that Tyler, as the movant, bears the steep burden to "affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief. To justify relief, the movant must specifically present facts which render the original trial tantamount to none at all." *Foley v. Commonwealth*, 425 S.W.3d 880, 885 (Ky. 2014) (internal quotation marks and citations omitted).

We review a trial court's decision to deny a CR 60.02 motion under the deferential abuse of discretion standard. *Id.* at 886. "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. Therefore, we will affirm the lower

---

[1] Tyler cited Kentucky Revised Statute (KRS) 342.281, but that statute is irrelevant because it applies to asking an administrative law judge to reconsider a workers' compensation decision. Since the trial court ruled on the motion anyway, we will leniently construe it to have been a mis-labeled motion to alter, amend, or vacate a judgment under CR 59.05.

court's decision unless there is a showing of some flagrant miscarriage of justice." *Id.* (internal quotation marks and citations omitted).

We discern no flagrant miscarriage of justice here.[2] The appeal is procedurally barred and otherwise fails on the merits.

We begin with the fatal procedural defects. This is the third time Tyler has sought CR 60.02 relief. Our Supreme Court has explained that "CR 60.02 does not permit successive post-judgment motions . . . ." *Id.* at 884. *See also*, *e.g.*, *Berry v. Commonwealth*, 624 S.W.3d 119, 121 (Ky. App. 2021).

Second, the alleged errors in the judgment are mistakes that Tyler knew, or reasonably should have known about, long ago. He even describes the errors as "obvious" in his opening brief. Consequently, it is beyond serious dispute that he should have raised issues regarding "obvious" errors previously.

As our Supreme Court held, "[a]t each stage . . . the defendant is required to raise all issues then amenable to review, and generally issues that either

---

[2] Tyler's brief fails to contain citations to specific locations in the record or statements showing whether, and how, his arguments were preserved for our review. *See* Kentucky Rule of Appellate Procedure (RAP) 32(A)(3)-(4) (formerly CR 76.12(4)(c)(v)). We already explained to Tyler the importance of complying with mandatory briefing requirements, including preservation statements, in our opinion affirming the denial of his combined RCr 11.42 and CR 60.02 motion. *Tyler v. Commonwealth*, No. 2017-CA-001228-MR, 2019 WL 3990995, at \*2. However, since the Commonwealth has not asked us to impose sanctions and has not argued that Tyler raised new arguments on appeal, we leniently will not impose sanctions. However, we strongly caution Tyler that it is ***highly likely*** that sanctions will be imposed upon him, which may include striking his brief and dismissing his appeal, if he again submits a brief which fails to comply substantially with all applicable appellate briefing rules.

-4-

were or could have been raised at one stage will not be entertained at any later stage." *Hollon v. Commonwealth*, 334 S.W.3d 431, 437 (Ky. 2010). Because Tyler could, and should, have raised the alleged errors in the judgment sooner, he is now procedurally barred from receiving CR 60.02 relief. *See, e.g.*, *Sanders v. Commonwealth*, 339 S.W.3d 427, 437 (Ky. 2011) ("A review of the grounds for relief listed above demonstrates that each of the claims, with the exercise of reasonable diligence, could have been brought either in Appellant's direct appeal or in his RCr 11.42 proceeding. As such, they do not qualify to be brought in a CR 60.02 proceeding.").

The motion also would fail on the merits. Tyler's chief argument is that the judgment is void because the jury was not asked to – and thus did not – fix a sentence for the underlying complicity charge. Although the jury should have been asked to do so, "where, as here, there is no possibility that the PFO sentence is unlawful, any error in not requiring the jury to fix an underlying sentence was a mere procedural defect not subject to review in the absence of a contemporaneous objection." *Montgomery v. Commonwealth*, 320 S.W.3d 28, 49 (Ky. 2010).

The cases Tyler relies upon for his argument that his PFO II sentence is void are materially distinguishable because each involves a jury imposing a fine instead of a prison term on the underlying felony, as we and our Supreme Court have explained. *Hulett v. Commonwealth*, 834 S.W.2d 688, 690 (Ky. App. 1992)

("The present case, furthermore, is distinguished from *Davis v. Manis,* Ky., 812 S.W.2d 505 (1991) and *Commonwealth v. Hayes,* Ky., 734 S.W.2d 467 (1987). Those cases hold that a defendant cannot be convicted as a persistent felony offender unless a term of imprisonment is imposed as the punishment on the underlying charge. *Davis* at 506; *Hayes* at 469. Both cases, however, involve situations in which a defendant found guilty of trafficking in a controlled substance on the underlying charge received a *fine,* rather than a prison sentence."); *Montgomery v. Commonwealth*, 819 S.W.2d 713, 720-21 (Ky. 1991) ("There was no instruction directing the jury to set any sentence on the underlying offense before deliberating a setting a sentence within the range provided on the PFO charge. The jury fixed the maximum penalty, 20 years, within the range provided (ten to twenty years) upon conviction as a PFO offender . . . . *Hayes* is factually distinguishable because the jury imposed only a fine for the underlying offense which it thereafter attempted to enhance with a prison sentence upon conviction as a PFO. The holding in *Hayes* is that only a prison sentence and not a fine can be enhanced under the language of the PFO statute. Thus we were confronted in *Hayes* . . . with a longer sentence than the law allowed, which is not the case here. The error here, if there was one, was a procedural matter which we need not address in the absence of a contemporaneous objection."). In short, the lack of a

sentence for the complicity conviction is a "mere procedural defect" which does not render the judgment void or infringe upon Tyler's constitutional rights.

CR 60.02 relief "is extreme, limited, and reserved for those times when justice itself requires an avenue for the plight endured by the aggrieved party." *Meece v. Commonwealth*, 529 S.W.3d 281, 285 (Ky. 2017). The lack of a sentence for the underlying complicity conviction is not the sort of egregious injustice which entitles Tyler to CR 60.02 relief, especially since his overall forty-year sentence is within the statutory limits.

A similar conclusion applies to the remainder of the alleged errors in the judgment. For example, we agree that the judgment unfortunately reflects that Tyler was convicted of robbery, not complicity. But Tyler has shown no prejudice whatsoever resulting from that error. *See Priddy v. Commonwealth*, 629 S.W.3d 14, 19 (Ky. App. 2021) (holding that "the person convicted of complicity is convicted of the underlying crime and is subject to all the consequences thereof."). Both we and our Supreme Court have noted the correct underlying crime for which Tyler was convicted, so the error did not impact Tyler's right to seek appellate review. Relatedly, the judgment is inherently final and appealable even though it does not contain finality language. And the lack of finality language is of no tangible significance since Tyler was able to file a direct appeal to our Supreme

Court.  Similarly, Tyler has not shown any prejudice resulting from the judgment erroneously stating that it was signed in January 2014, not January 2015.

Moreover, Tyler's argument that the judgment does not mention that a jury trial occurred is incorrect.  The judgment states "the Court having determined that the defendant heretofore was found guilty on November 14, 2014, by a jury in connection with the offense(s) charged in the indictment . . . ."

In sum, we have carefully reviewed the judgment and agree with Tyler and the trial court that it contains errors.  However, Tyler has not shown how any errors, either alone or in combination, caused him to suffer ___any___ concrete prejudice.  Accordingly, the trial court did not abuse its discretion when it denied Tyler's CR 60.02 motion without first conducting a hearing.

For the foregoing reasons, the Henderson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Isaiah Tyler, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky